**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware _____
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **The Rockport Company, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **04-3495456** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1220 Washington Street**<br>Number    Street | <br>Number    Street |
| | <br>P.O. Box |
| **West Newton, Massachusetts 02465**<br>City                    State        Zip Code | <br>City                    State        Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Middlesex County**<br>County | <br>Number    Street |
| | <br>City                    State        Zip Code |

5. **Debtor's website** (URL)    **www.rockport.com**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. *See* http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____4482_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                        MM / DD / YYYY

        District _____  When _____  Case number _____
                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor _See_ Schedule 1 _____  Relationship _Affiliate_____

        District _Delaware_____  When _Date hereof_____
                                                  MM / DD / YYYY

        Case number, if known _____

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number        Street

_____

_____
City                              State            ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

## Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | <u>The Rockport Company, LLC</u> | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

☐ $0-$50,000  ☐ $1,000,001-$10 million  ☐ $500,000,001-$1 billion
☐ $50,001-$100,000  ☐ $10,000,001-$50 million  ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000  ☐ $50,000,001-$100 million  ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million  ☒ $100,000,001-$500 million  ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|
| | ■ I have been authorized to file this petition on behalf of the debtor. |
| | ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>05/14/2018</u>
MM / DD / YYYY

✗ _____        Paul Kosturos
Signature of authorized representative of debtor        Printed name

Title <u>Interim Chief Financial Officer</u>

**18. Signature of attorney**

✗ _____        Date <u>05/14/2018</u>
Signature of attorney for debtor        MM / DD / YYYY

<u>Mark D. Collins</u>
Printed name

<u>Richards, Layton & Finger, P.A.</u>
Firm name

<u>920 North King Street</u>
Number    Street

<u>Wilmington</u>        <u>DE</u>        <u>19801</u>
City        State        ZIP Code

<u>(302) 651-7700</u>        <u>collins@rlf.com</u>
Contact phone        Email address

<u>2981</u>        <u>DE</u>
Bar number        State

## SCHEDULE 1

### <u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On the date hereof, each of the entities listed below (collectively, the "**Debtors**") filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware for relief under Title 11 of the United States Code. The Debtors have moved for joint administration of their cases with the lead case number assigned to the Chapter 11 case of The Rockport Company, LLC.

- Rockport Blocker, LLC
- The Rockport Group Holdings, LLC
- TRG 1-P Holdings, LLC
- TRG Intermediate Holdings, LLC
- TRG Class D, LLC
- The Rockport Group, LLC
- The Rockport Company, LLC
- Drydock Footwear, LLC
- DD Management Services LLC
- Rockport Canada ULC

## WRITTEN CONSENT OF THE MANAGER
## OF THE ROCKPORT COMPANY, LLC

The undersigned, being the manager (the "**Manager**") of The Rockport Company, LLC, a Delaware limited liability company (the "**Company**"), by this written consent, as permitted by Section 18-404(d) of the Delaware Limited Liability Company Act and Section 5(b) of the Second Amended and Restated Limited Liability Company Agreement of the Company, dated as of December 8, 2017 (the "**LLC Agreement**"), hereby consent to the following actions and adopt the following resolutions (this "**Consent**"):

Commencement of Chapter 11 Case

**WHEREAS,** the Manager is the sole manager of the Company.

**NOW, THEREFORE, BE IT RESOLVED,** that in the judgement of the Manager, it is desirable and in the best interests of the Company, its creditors, and its members that the Company seek (a) relief under the provisions of Title 11 of the United States Code (the "**Bankruptcy Code**") and (b) recognition of the Chapter 11 proceedings as a foreign proceeding pursuant to Part IV of the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c.C-36 (the "**Ancillary Proceedings**"); and

**FURTHER RESOLVED,** that for purposes of this Consent and the resolutions contained herein, the term Authorized Person shall mean each of the Chairman of the Board of Directors of the Manager, the President of the Manager, the Secretary of the Manager, Paul Kosturos, and any other officer of the Company or the Manager (each an "**Authorized Person**"); and

**FURTHER RESOLVED,** that the Company be, and hereby is, authorized and directed to: (a) file a voluntary petition (the "**Petition**") for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), (b) recognition of the Chapter 11 proceedings as a foreign proceeding (the "**Ancillary Proceedings**") pursuant to Part IV of the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c.C-36 (the "**CCAA**"); and

**FURTHER RESOLVED,** that the Manager and each Authorized Person be, and hereby is, authorized and empowered for and on behalf of the Company to: (a) execute and verify the Petition, as well as all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modification to the Petition or ancillary documents as the Manager or such Authorized Person, in such person's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (such approval to be conclusively established by the execution thereof by such Authorized Officer); (b) execute, verify, and file or cause to be filed all petitions, schedules, lists, motions, applications, and other papers or documents necessary or desirable in connection with the foregoing; and (c) execute and verify any and all other documents necessary or appropriate in connection therewith in such form or forms as the Manager or such Authorized Person may approve.

Retention of Advisors

**FURTHER RESOLVED,** that the Manager and each Authorized Person be, and hereby is, authorized and empowered to retain, on behalf of the Company: (a) Richards, Layton & Finger, P.A., as bankruptcy counsel to the Company; (b) Borden Ladner Gervais LLP as Canadian bankruptcy counsel to the Company; (c) Houlihan Lokey Capital, Inc. as investment banker to the Company; (d) Alvarez & Marsal North America LLC as restructuring and interim management advisor to the Company; (e) Prime Clerk LLC as claims and noticing agent and administrative advisor to the Company; and (f) such additional professionals, including attorneys, accountants, consultants, or brokers, in each case as in the Manager or such Authorized Person's judgment may be necessary or desirable in connection with the Company's Chapter 11 case and other related matters, on such terms as the Manager or such Authorized Person shall approve.

Debtor in Possession Financing

**WHEREAS,** the Company has determined to enter into definitive credit agreements and note purchase agreements (collectively, the "**DIP Credit Agreements**") to obtain financing in the form of superpriority senior secured debtor-in-possession credit facilities in an aggregate principal amount of up to $80 million (collectively, the "**DIP Credit Facilities**"), the proceeds of which will be used for general corporate and working capital purposes, including for capital expenditures and to pay fees and expenses associated with the Company's and its affiliates' Chapter 11 cases (the "**Chapter 11 Cases**") and the DIP Credit Facilities;

**FURTHER RESOLVED,** that the Company is hereby authorized, and the Manager and each Authorized Person shall be, and hereby is, authorized and empowered, in the name and on behalf of the Company to enter into the DIP Credit Agreements and take all actions necessary and appropriate for the Company to obtain post-petition financing according to the terms negotiated by the Manager or such Authorized Person, including under one or more debtor-in-possession credit facilities, and to effectuate the foregoing, to enter into such loan agreements, documents, notes, guaranties, security agreements, pledge agreements and all other documents, agreements or instruments related thereto (collectively, the "**DIP Credit Documents**") as may be deemed necessary or appropriate by such Manager or Authorized Person (such approval to be conclusively evidenced by the execution thereof or taking of such action by such Manager or Authorized Person); and

**FURTHER RESOLVED,** that the Company is hereby authorized, and the Manager and each Authorized Person shall be, and hereby is, authorized and empowered, in the name and on behalf of the Company to (x) borrow and/or guaranty the debt under the DIP Credit Facilities and to grant a lien on substantially all assets of the Company to secure its obligations thereunder, and (y) to pay fees as required pursuant to the DIP Credit Documents; and

**FURTHER RESOLVED,** that the Company is hereby authorized, and the Manager and each Authorized Person shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, deliver, verify and/or file, or cause to be filed and/or executed, delivered or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all

necessary and appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all DIP Credit Documents, and to take any and all actions that such Manager or Authorized Person deems necessary or appropriate in connection with the Chapter 11 Cases, any post-petition financing or any cash collateral usage contemplated hereby or thereby (such approval to be conclusively evidenced by the execution thereof or taking of such action by such Manager or Authorized Person).

<u>Potential Sale Transactions</u>

**FURTHER RESOLVED,** that the Company and the Manager or any Authorized Person are hereby authorized, directed and empowered, on behalf of and in the name of the Company to file a motion with the Bankruptcy Court seeking (i) approval of bidding procedures to be used to facilitate a potential sale of all or potentially all of the Company's assets pursuant to Section 363 of the Bankruptcy Code and the CCAA (the "**Potential Sale Transactions**"), (ii) seeking approval of CB Marathon OpCo, LLC, as stalking horse purchaser (the "**Stalking Horse Bidder**") for the Potential Sale Transaction and (iii) seeking approval of the payment of certain fees (including expense reimbursement and breakup fees) to the Stalking Horse Bidder, all substantially in accordance with the summary presented to the Manager, subject to modifications thereto as the Manager or any Authorized Person and the Company's management may deem necessary or advisable in order to give effect to and carry out the general purposes of the Potential Sale Transactions as presented to the Manager; and

**FURTHER RESOLVED,** the Manager or any Authorized Person be, and each of them alone, hereby is, authorized, directed and empowered on behalf of, and in the name of, the Company to conduct a further marketing process to identify Potential Sale Transactions under the supervision of the Bankruptcy Court; and

**FURTHER RESOLVED,** that the Manager or any Authorized Person be, and each of them alone, hereby is, authorized, directed and empowered on behalf of, and in the name of, the Company to (a) take actions and negotiate, or cause to be prepared and negotiated, and subject to Bankruptcy Court approval as required, to execute, deliver, perform and cause the performance of any agreements (including asset purchase agreements), certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of, and necessary to effectuate, any Potential Sale Transactions to which the Company is or will be a party and (b) request the Bankruptcy Court to approve any Potential Sale Transaction (including a sale of the Company's assets to a higher or better bidder) and for any related relief; and

<u>General Authorization and Ratification</u>

**FURTHER RESOLVED,** that all acts lawfully done or actions lawfully taken by the Manager or any officer of the Company or any of the professionals in connection with the Chapter 11 Cases or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and

**FURTHER RESOLVED,** that the Manager or any Authorized Person be, and hereby is, acting alone, authorized, empowered and directed, for and on behalf of the Company, to take any and all actions, to negotiate for and enter into agreements and amendments to agreements, to grant powers of attorney, to perform all such acts and things, to execute, file, deliver or record in the name and on behalf of the Company, all such certificates, instruments, agreements, representation letters, powers of attorney, consents or other documents, and to make all such payments as it, in its judgment, may deem necessary, advisable or appropriate in order to carry out the purpose and intent of, or consummate the transactions contemplated by, the foregoing resolutions or all of the transactions contemplated therein or thereby, the authorization therefor to be conclusively evidenced by the taking of such action or the execution and delivery of certificates, instruments, agreements, representation letters, powers of attorney, consents or other documents; and

**FURTHER RESOLVED,** that any and all actions, whether previously or subsequently taken by the Manager or any Authorized Person or any other person authorized to act by the Manager or an Authorized Person, that are consistent with the intent and purpose of the foregoing resolutions or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, ratified, approved and confirmed; and

**FURTHER RESOLVED,** that this Consent shall be governed by the laws of the State of Delaware (without regard to conflict of laws principles).

This Consent may be executed in one or more counterparts and may be delivered via facsimile or Portable Document Format (PDF), each of which shall be deemed an original and all of which taken together shall constitute one and the same consent.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned, being the Manager, has executed this Consent.

The Rockport Company, LLC

By: Rockport Blocker, LLC, its Manager

By _____
Name:  William T. Allen
Title:   President

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____
                                                )
In re:                                          )        Chapter 11
                                                )
The Rockport Company, LLC,                      )        Case No. 18-_____ (___)
                                                )
                Debtor.                         )        Joint Administration Requested
                                                )
_____ )

**CONSOLIDATED LIST OF CREDITORS WHO HAVE THE**
**THIRTY (30) LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS**

The above-captioned debtor and its debtor affiliates (collectively, the "**Debtors**") hereby certify that the _Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders_ submitted herewith contains the names and addresses of the Debtors' consolidated top thirty (30) unsecured creditors (the "**Top Thirty List**").  The list has been prepared from the Debtors' unaudited books and records as of the Petition Date.  The Top Thirty List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' Chapter 11 cases.  The Top Thirty List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims.  The information presented in the Top Thirty List shall not constitute an admission by, nor is it binding on, the Debtors.  Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.  The failure of the Debtors to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority, and/or amount of any such claim.

Debtor Name  The Rockport Company, LLC

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (If known):_____

☐ Check if this is an
   amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                          12/15

A list of creditors holding the thirty (30) largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the thirty (30) largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- |
| | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. Cortland Capital Market Services LLC, as Collateral Agent ATTN: Chris Capezuti Director 225 West Washington Street, 21st Floor Chicago, IL  60606 United States | 9.5% Senior Notes Due 2022 | Unliquidated | | | Undetermined |
| 2. Adidas AG ATTN: Kasper Bo Rorsted Chief Executive Officer Adi-Dassler-Platz 1-2 Herzogenaurach,  91074 Germany | Contract Claim and Trade Claim | Unliquidated and Disputed | | | $58,111,983.90 |
| 3. Reebok International Ltd. ATTN: Matthew H. O'Toole Chief Executive Officer 25 Drydock Ave, Suite 110E Boston, MA  02210 United States | Trade Claim and Unsecured Notes Claim | | | | $12,505,208.14 |
| 4. Stella International Trading (Macao Commercial Offshore) Limited ATTN: Lawrence Chen Li-Ming Chief Executive Officer Flat C, 20/F, Mg Tower, 133 Hoi Bun Road Kowloon Hong Kong | Trade Claim | | | | $9,159,974.33 |
| 5. Farida Shoes Private Limited (FSLP) ATTN: Irshad Ahmed Mecca Managing Director Ramapuram , Chennai 600 089 Tamil Nadu,  600089 India | Trade Claim | | | | $4,936,524.36 |

| Name of creditor and complete mailing address, including zip code | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|
| | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6. Attune Consulting USA Inc ATTN: Vajira De Silva Chief Executive Officer 200 Summit Drive, Suite 230 2nd Floor South Burlington, MA 01803 United States | Litigation Claim | Contingent, Unliquidated, and Disputed | | | Undetermined |
| 7. Link Worldwide Holdings Ltd ATTN: Frances Lin No 88 Sec 4 Chung Ching Rd, Ta Ya S Taichung,   123 Taiwan | Trade Claim | | | | $2,372,939.32 |
| 8. Precious Gold Holdings Limited ATTN: Susie Zhou No. 628 Sec 4 Chung Ching Rd Taichung, Taiwan | Trade Claim | | | | $1,172,033.16 |
| 9. International Business Machines ATTN: Ginni Rometty Chief Executive Officer 1 New Orchard Road Armonk, NY 10504-1722 United States | Trade Claim | | | | $820,172.06 |
| 10. Shoe Majesty Trading Co, Ltd ATTN: Betty Choi 338 Kings Road Hong Kong,   999077 Hong Kong | Trade Claim | | | | $604,863.58 |
| 11. Earth Inc ATTN: Philippe Meynard Chief Executive Officer 41 Seyon St, Ste 400 Waltham, MA 02453-8384 United States | Trade Claim | | | | $564,617.95 |
| 12. Aston Shoes Private Limited ATTN: Rafeeque Ahmed Mecca Managing Director No.151/4 Mount Poonamallee Road, Ramapuram Chennai,   600089 India | Trade Claim | | | | $432,268.47 |
| 13. TradeGlobal, LLC ATTN: Blake Vaughn President & Chief Operating Officer 5389 E Provident Dr Cincinnati, OH 45246 United States | Trade Claim | | | | $395,693.38 |
| 14. Aptos Inc ATTN: Noel Goggin Chief Executive Officer 945 East Paces Ferry Road, Suite 2500 Atlanta, GA 30326 United States | Trade Claim | | | | $386,060.96 |

| Name of creditor and complete mailing address, including zip code | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|
| | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15. Adidas America Inc. ATTN: Kasper Rorsted Chief Executive Officer 5055 N Greeley Avenue Portland, OR  97217 United States | Trade Claim | | | | $365,492.35 |
| 16. Deloitte LLP ATTN: Cathy Engelbert Chief Executive Officer 30 Rockefeller Plaza, 41st Floor New York, NY  10112-0015 United States | Trade Claim | | | | $295,575.00 |
| 17. Stella International Design Service ATTN: Lawrence Chen Li-Ming Chief Executive Officer Suites 3003/04 Tower 2 The Gateway Hong Kong, KLN Hong Kong | Trade Claim | Unliquidated | | | $291,385.92 |
| 18. Hemisphere Design & Manufacturing ATTN: Emily Barrack 25215 Rye Canyon Rd Valencia, CA  91355 United States | Trade Claim | | | | $231,567.79 |
| 19. BSF Consulting LLC ATTN: Brian Finnegan 80 Midas Dr South Burlington, VT  05403 United States | Trade Claim | | | | $209,850.79 |
| 20. Adidas International Trading B.V. ATTN: Kasper Rorsted Chief Executive Officer Hoogoordreef 9A Amsterdam,  1101 BA Netherlands | Trade Claim | | | | $202,865.56 |
| 21. Google Inc ATTN: Sundar Pichai Chief Executive Officer 1600 Amphitheatre Parkway Mountain View, CA  94043 United States | Trade Claim | | | | $186,750.88 |
| 22. Prisma Construction ATTN: Melane Primeau Senior Project Manager 124 Rue Mcgill, Suite 300 Montreal, QC  J6W 6E5 Canada | Trade Claim | | | | $178,338.44 |
| 23. Systems Plus Technologies ATTN: Sapan Choksi Chief Executive Officer 2698 Route 516, Suite F Old Bridge, NJ  08857 United States | Trade Claim | | | | $173,702.39 |
| 24. Hayroad Productions LLC ATTN: Jennifer Sargent Producer 41 Hay Rd Belmont, MA  02478-1507 United States | Trade Claim | | | | $159,913.94 |

| Name of creditor and complete mailing address, including zip code | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|
| 25. Alberto Del Biondi Spa ATTN: Alberto Del Biondi Chief Executive Officer Viale Della Navigazione Interna, 91 Noventa Padovana Pd  35027 Italy | Trade Claim | | | | $142,562.00 |
| 26. The Soapbox Studio LLC ATTN: Susan Mahoney Founder & Executive Creative Director 120 Glebe Rd Westmoreland, NH  03467-4616 United States | Trade Claim | | | | $137,000.00 |
| 27. Xzact Solutions Inc ATTN: Javier A. Martin President & Chief Executive Officer 3131 Westinghouse Boulevard Charlotte, NC  28273 United States | Trade Claim | | | | $112,748.82 |
| 28. Intune Logistics ATTN: Doug Eichenlaub Founder 208 Adley Way Greenville, SC  29607 United States | Trade Claim | | | | $109,656.17 |
| 29. Cheetah Digital, Inc ATTN: Sameer Kazi Chief Executive Officer 29 Broadway Level 6 New York, NY  10006 United States | Trade Claim | | | | $107,371.37 |
| 30. Dama Construction ATTN: Daniel Anerella President 117 Lindsay Avenue Dorval, QC  H9P 2S6 Canada | Trade Claim | | | | $97,447.34 |

Fill in this information to identify the case and this filing:

Debtor Name __The Rockport Company, LLC__

United States Bankruptcy Court for the: __District of Delaware__
                                       (State)

Case number (*If known*): _____

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule _____*

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐    *Other document that requires a declaration _____*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __05/14/2018__
               MM / DD / YYYY

✗ _____
Signature of individual signing on behalf of debtor

Paul Kosturos
Printed name

Interim Chief Financial Officer
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| _____ ) | | |
| In re: | ) | Chapter 11 |
| | ) | |
| The Rockport Company, LLC, | ) | Case No. 18-_____ (___) |
| | ) | |
| Debtor. | ) | Joint Administration Requested |
| | ) | |
| _____ ) | | |

**STATEMENT OF CORPORATE OWNERSHIP**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of the above-captioned debtor (the "**Debtor**") certifies that the following corporate entities directly or indirectly own 10% or more of the Debtor:

| Name of Interest Holder | Percentage of Interests Held |
|---|---|
| The Rockport Group, LLC | 100% |

Fill in this information to identify the case and this filing:

Debtor Name  The Rockport Company, LLC

United States Bankruptcy Court for the: District of Delaware
                                                                    (State)

Case number (If known): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐    Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐    Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐    Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐    Schedule H: Codebtors (Official Form 206H)

☐    Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐    Amended Schedule _____

☐    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒    Other document that requires a declaration Statement of Corporate Ownership

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/14/2018          x _____
               MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                 Paul Kosturos_____
                                 Printed name

                                 Interim Chief Financial Officer_____
                                 Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| The Rockport Company, LLC, | ) | Case No. 18-_____ (___) |
| | ) | |
| Debtor. | ) | Joint Administration Requested |
| | ) | |
| _____ | ) | |

**LIST OF EQUITY SECURITY HOLDERS**

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), the above-captioned debtor hereby provides the following name and address of the holders of its limited liability company interests:

| Name and Address of Interest Holder | Percentage of Interests Held |
|---|---|
| The Rockport Group, LLC<br><br>1220 Washington Street<br>West Newton, MA 02465 | 100% |

Fill in this information to identify the case and this filing:

Debtor Name  The Rockport Company, LLC

United States Bankruptcy Court for the: District of Delaware
                                          (State)

Case number (If known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐     *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐     *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐     *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐     *Schedule H: Codebtors (Official Form 206H)*

☐     *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐     *Amended Schedule _____*

☐     *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒     *Other document that requires a declaration* List of Equity Security Holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/14/2018
             MM / DD / YYYY

X _____
Signature of individual signing on behalf of debtor

Paul Kosturos
Printed name

Interim Chief Financial Officer
Position or relationship to debtor