## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE ROCKPORT COMPANY, LLC,<br><br>       Debtor.<br><br>Tax I.D. No. 04-3495456 | Chapter 11<br><br>Case No. 18-_____ (___) |
| In re:<br><br>ROCKPORT BLOCKER, LLC,<br><br>       Debtor.<br><br>Tax I.D. No. 82-4235097 | Chapter 11<br><br>Case No. 18-_____ (___) |
| In re:<br><br>THE ROCKPORT GROUP HOLDINGS, LLC,<br><br>       Debtor.<br><br>Tax I.D. No. 47-4513025 | Chapter 11<br><br>Case No. 18-_____ (___) |
| In re:<br><br>TRG 1-P HOLDINGS, LLC,<br><br>       Debtor.<br><br>Tax I.D. No. 47-4614756 | Chapter 11<br><br>Case No. 18-_____ (___) |

| | |
|---|---|
| In re: | Chapter 11 |
| TRG INTERMEDIATE HOLDINGS, LLC, | Case No. 18-_____ (___) |
| Debtor. | |
| Tax I.D. No. 47-4508931 | |

| | |
|---|---|
| In re: | Chapter 11 |
| TRG CLASS D, LLC, | Case No. 18-_____ (___) |
| Debtor. | |
| Tax I.D. No. 47-4614757 | |

| | |
|---|---|
| In re: | Chapter 11 |
| THE ROCKPORT GROUP, LLC, | Case No. 18-_____ (___) |
| Debtor. | |
| Tax I.D. No. 47-4295559 | |

| | |
|---|---|
| In re: | Chapter 11 |
| DRYDOCK FOOTWEAR, LLC, | Case No. 18-_____ (___) |
| Debtor. | |
| Tax I.D. No. 45-2197708 | |

2

| | |
|---|---|
| In re:<br><br>DD MANAGEMENT SERVICES LLC,<br><br>Debtor.<br><br>Tax I.D. No. 45-5398274 | Chapter 11<br><br>Case No. 18-_____ (___) |
| In re:<br><br>ROCKPORT CANADA ULC,<br><br>Debtor.<br><br>Tax I.D. No. 98-1243548 | Chapter 11<br><br>Case No. 18-_____ (___) |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER DIRECTING
## JOINT ADMINISTRATION OF CHAPTER 11 CASES

The Rockport Company, LLC ("**Rockport**") and certain of its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") hereby file this motion (this "**Motion**") for entry of an order, under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), directing joint administration of the Chapter 11 Cases for procedural purposes only and granting related relief.  This Motion is supported by the *Declaration of Paul Kosturos in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**") filed concurrently herewith.[1]  In further support of this Motion, the Debtors respectfully state as follows:

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

RLF1 19326786v.1

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

3.      On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases (the "**Chapter 11 Cases**") for relief under Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, *et. seq.* (the "**Bankruptcy Code**").  The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.      No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

5.      The Debtors anticipate commencing an ancillary proceeding under Part IV of the Companies' Creditors Arrangement Act (Canada) in Toronto, Ontario, Canada before the Ontario Superior Court of Justice (Commercial List).  Additional information about the Debtors' businesses and affairs, capital structure and prepetition indebtedness and the events leading up to the Petition Date can be found in the First Day Declaration, which is incorporated herein by

4

reference.  Debtor Rockport Canada ULC is the operating entity for the Debtors' business in Canada.

**RELIEF REQUESTED**

6.    By this Motion, and pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, the Debtors seek entry of an order (the "**Proposed Order**") directing the joint administration of the Chapter 11 Cases for procedural purposes only.  Specifically, the Debtors request that the Court maintain one file and one docket for all of the Chapter 11 Cases under the case of Rockport and that the Chapter 11 Cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE ROCKPORT COMPANY, LLC, *et al.,* | ) | Case No. 18-_____ (___) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| _____ | ) | |

7.    The Debtors also propose to include the following footnote in each pleading filed and notice mailed by the Debtors, listing the Debtors in the Chapter 11 Cases and the last four digits of their tax identification numbers along with the Debtors' address:

> The debtors and debtors in possession in these cases and the last four digits of their respective Employer Identification Numbers are: Rockport Blocker, LLC (5097), The Rockport Group Holdings, LLC (3025), TRG 1-P Holdings, LLC (4756), TRG Intermediate Holdings, LLC (8931), TRG Class D, LLC (4757), The Rockport Group, LLC (5559), The Rockport Company, LLC (5456), Drydock Footwear, LLC (7708), DD Management Services LLC (8274), and Rockport Canada ULC (3548).  The debtors' mailing address is 1220 Washington Street, West Newton, Massachusetts 02465.

5

8.     The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket in each of the Chapter 11 Cases (other than the Chapter 11 Case of Rockport) to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in this case consolidating this case with the case of The Rockport Company, LLC (Case No. 18-_____ (____)) for procedural purposes only and providing for its joint administration in accordance with the terms hereof.  The docket in Case No. 18-_____ (____) should be consulted for all matters affecting this case.

9.     In addition, the Debtors request that the Court waive the requirement of Section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors.

## BASIS FOR RELIEF

10.     Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  The Debtors are "affiliates" as that term is defined under Section 101(2) of the Bankruptcy Code.  Accordingly, the Court is authorized to grant the requested relief by virtue of the fact that Rockport is an affiliate of each of the other Debtors. Local Rule 1015-1 provides additional authority for the Court to order joint administration of the Chapter 11 Cases, stating that "[a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . ."  Del. Bankr. L.R. 1015-1.

11.     On the date hereof, the Debtors commenced the ten Chapter 11 Cases referenced above by filing petitions for voluntary relief with the Court.  Given the provisions of the Bankruptcy Rules and the Local Rules and the Debtors' affiliation, joint administration of the Chapter 11 Cases is warranted and will provide significant administrative convenience without

harming the substantive rights of any party in interest.  Joint administration will avoid the preparation, replication, service and filing, as applicable, of duplicative notices, applications and orders, thereby saving the Debtors considerable expense and resources.  The Debtors' financial affairs and business operations are closely related.  Many of the motions, hearings and orders in the Chapter 11 Cases will affect each Debtor and its respective estate.  The rights of creditors will not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates.  Moreover, each creditor can still file its claim against a particular estate.  In fact, all creditors will benefit by the reduced costs that will result from the joint administration of the Chapter 11 Cases.  The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") will be simplified.

12.     Furthermore, it is appropriate to waive the requirement of Section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) for the inclusion of the Debtors' full tax identification numbers in the captions for the Debtors' filings with the Court and notices sent to creditors.  This information is available on all of the Debtors' chapter 11 petitions.  Waiver of this requirement is purely procedural in nature and will ease the administrative burden on the Debtors.

## <u>NOTICE</u>

13.     Notice of this Motion will be given to:  (i) Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Brya M. Keilson, brya.keilson@usdoj.gov; (ii) the Debtors' thirty (30) largest unsecured creditors, as identified in their Chapter 11 petitions; (iii) counsel to the Prepetition Noteholders and DIP Note Purchasers, (a) Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022,

Attn: My Chi To, mcto@debevoise.com, and Daniel E. Stroik, destroik@debevoise.com, and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Bradford J. Sandler, bsandler@pszjlaw.com and James E. O'Neill, joneill@pszjlaw.com; (iv) counsel to the Collateral Agent and DIP Notes Agent, (a) Holland & Knight LLP, 131 South Dearborn Street, 30th Floor, Chicago, Illinois 60603, Attn: Joshua Spencer, joshua.spencer@khlaw.com, and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Bradford J. Sandler, bsandler@pszjlaw.com and James E. O'Neil, joneill@pszjlaw.com; (v) counsel to the ABL Administrative Agent and ABL DIP Agent, (a) Riemer Braunstein LLP, Three Center Plaza, 6th Floor, Boston, Massachusetts, 02108, Attn: Donald E. Rothman, drothman@riemerlaw.com, Lon M. Singer, lsinger@riemerlaw.com, Jaime Rachel Koff, jkoff@riemerlaw.com, and Jeremy Levesque, jlevesque@riemerlaw.com, and (b) Ashby & Geddes, P.A., 500 Delaware Ave., 8th Floor, Wilmington, Delaware 19801, Attn: Gregory A. Taylor, GTaylor@ashbygeddes.com; (vi) counsel to the Stalking Horse Bidder, (a) Goodwin Procter LLP, 100 Northern Avenue, Boston, Massachusetts 02210, Attn: Jon Herzog, jherzog@goodwinlaw.com and Joseph F. Bernardi, Jr., jbernardi@goodwinlaw.com, (b) Goodwin Procter LLP, The New York Times Building, 620 Eighth Avenue, New York, New York 10018, Attn: William Weintraub, wweintraub@goodwinlaw.com, and (c) Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 Market Street, P.O. Box 1709, Wilmington, Delaware 19899, Attn:  David Fournier, fournierd@pepperlaw.com and Evelyn Meltzer, meltzere@pepperlaw.com; and (vii) all parties entitled to notice pursuant to Local Rule 9013-1(m).  A copy of this Motion and any order approving it will also be made available on the Debtors' case information website located at

8

*https://cases.primeclerk.com/rockport*.   The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

14.     The Debtors have not previously sought the relief requested herein from the Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:   May 14, 2018
      Wilmington, Delaware

 

*/s/ Mark D. Collins*
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Brendan J. Schlauch (No. 6115)
Megan E. Kenney (No. 6426)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Fax:  302-651-7701
Email:  collins@rlf.com
      merchant@rlf.com
      steele@rlf.com
      schlauch@rlf.com
      kenney@rlf.com

*Proposed Counsel to the Debtors*

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE ROCKPORT COMPANY, LLC, | Case No. 18-_____ (___) |
| Debtor. | |
| Tax I.D. No. 04-3495456 | |
| In re: | Chapter 11 |
| ROCKPORT BLOCKER, LLC, | Case No. 18-_____ (___) |
| Debtor. | |
| Tax I.D. No. 82-4235097 | |
| In re: | Chapter 11 |
| THE ROCKPORT GROUP HOLDINGS, LLC, | Case No. 18-_____ (___) |
| Debtor. | |
| Tax I.D. No. 47-4513025 | |
| In re: | Chapter 11 |
| TRG 1-P HOLDINGS, LLC, | Case No. 18-_____ (___) |
| Debtor. | |
| Tax I.D. No. 47-4614756 | |

| | |
|---|---|
| In re: | Chapter 11 |
| TRG INTERMEDIATE HOLDINGS, LLC, | Case No. 18-_____ (___) |
| Debtor. | |
| Tax I.D. No. 47-4508931 | |

| | |
|---|---|
| In re: | Chapter 11 |
| TRG CLASS D, LLC, | Case No. 18-_____ (___) |
| Debtor. | |
| Tax I.D. No. 47-4614757 | |

| | |
|---|---|
| In re: | Chapter 11 |
| THE ROCKPORT GROUP, LLC, | Case No. 18-_____ (___) |
| Debtor. | |
| Tax I.D. No. 47-4295559 | |

| | |
|---|---|
| In re: | Chapter 11 |
| DRYDOCK FOOTWEAR, LLC, | Case No. 18-_____ (___) |
| Debtor. | |
| Tax I.D. No. 45-2197708 | |

2

| | |
|---|---|
| In re:<br><br>DD MANAGEMENT SERVICES LLC,<br><br>Debtor.<br><br>Tax I.D. No. 45-5398274 | Chapter 11<br><br>Case No. 18-_____ (___) |
| In re:<br><br>ROCKPORT CANADA ULC,<br><br>Debtor.<br><br>Tax I.D. No. 98-1243548 | Chapter 11<br><br>Case No. 18-_____ (___) |

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "**Motion**")[1] of The Rockport Company, LLC ("**Rockport**") and certain of its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") for entry of an order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing the joint administration of the Chapter 11 Cases for procedural purposes only, as more fully described in the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and the Court having venue pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

3

proper notice of the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having held a hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 18-_____ (    ).

3.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Chapter 11 Cases, the Debtors or the Debtors' estates.

4.      The caption of the jointly administered Chapter 11 Cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| THE ROCKPORT COMPANY, LLC, *et al.,* | ) | Case No. 18-_____ (____) |
|  | ) |  |
| Debtors.[1] | ) | Jointly Administered |
|  | ) |  |
| _____ | ) |  |

---

[1] The debtors and debtors in possession in these cases and the last four digits of their respective Employer Identification Numbers are: Rockport Blocker, LLC (5097), The Rockport Group Holdings, LLC (3025), TRG 1-P Holdings, LLC (4756), TRG Intermediate Holdings, LLC (8931), TRG Class D, LLC (4757), The Rockport Group, LLC (5559), The Rockport Company, LLC (5456), Drydock Footwear, LLC (7708), DD Management Services LLC (8274), and Rockport Canada ULC (3548).  The debtors' mailing address is 1220 Washington Street, West Newton, Massachusetts 02465.

5.    All pleadings and notices shall be captioned as indicated in the preceding paragraph, and all original docket entries shall be made in the case of The Rockport Company, LLC, Case No. 18-_____ (   ).

6.    A docket entry shall be made in each of the Chapter 11 Cases (other than the Chapter 11 Case of Rockport) substantially as follows:

> An order has been entered in this case consolidating this case with the case of The Rockport Company, LLC (Case No. 18-_____ (___)) for procedural purposes only and providing for its joint administration in accordance with the terms hereof.  The docket in Case No. 18-_____ (___) should be consulted for all matters affecting this case.

7.    The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

RLF1 19326786v.1

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.


Dated: _____, 2018
          Wilmington, Delaware


_____
UNITED STATES BANKRUPTCY JUDGE

6