# **EXHIBIT 1**

*Execution Version*

# AMENDMENT NO. 1
# TO ASSET PURCHASE AGREEMENT

THIS AMENDMENT NO. 1 TO ASSET PURCHASE AGREEMENT, dated as of May 17, 2018 (this "Amendment"), is by and between Rockport Blocker, LLC, a Delaware limited liability company (the "Company"), the direct or indirect wholly owned subsidiaries of the Company listed on Annex A to the Purchase Agreement (as defined below) (the "Seller Subsidiaries" and, together with the Company, each a "Seller" and collectively, "Sellers"), and CB Marathon Opco, LLC, a Delaware limited liability company ("Purchaser"). Sellers and Purchaser are sometimes referred to herein as a "Party" and collectively as the "Parties." Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Purchase Agreement (as defined below).

## RECITALS:

WHEREAS, the Parties have entered into that certain Asset Purchase Agreement, dated as of May 13, 2018 (the "Purchase Agreement"); and

WHEREAS, each of the Parties desire to amend the Purchase Agreement in accordance with Section 13.5(b) of the Purchase Agreement to modify certain provisions thereof, as set forth herein.

## AGREEMENT:

NOW, THEREFORE, in consideration of the premises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Amendment to Section 7.1(b) of the Purchase Agreement</u>. Section 7.1(b) of the Purchase Agreement is hereby amended and restated in its entirety to read as follows:

"From the Effective Date until the earlier of (i) twenty-five (25) days from the Petition Date, or (ii) the entry of the Bidding Procedures Order by the Bankruptcy Court, Sellers shall not, and shall cause their respective Affiliates and Representatives to not, directly or indirectly, (i) solicit, initiate or induce the making, submission or announcement of, or knowingly encourage, an Acquisition Proposal; (ii) furnish to any Person (other than Purchaser or any of its designees) any nonpublic information relating to the Sell Side Companies, or afford to any Person (other than Purchaser or any of its designees) access to the business, properties, assets, books, records or other non-public information, or to any personnel, of the Sell Side Companies, in any such case with the intent to induce the making, submission or announcement of, or the intent to encourage, an Acquisition Proposal, or any inquiries that would reasonably be expected to lead to an Acquisition Proposal, (iii) participate or engage in discussions or negotiations with any Person with respect to an Acquisition Proposal, or (iv) enter into any Contract relating to an Acquisition Proposal; provided, however, that notwithstanding the foregoing, during the period beginning on the Petition Date until the earlier of (i) twenty-five (25) days after the Petition Date, or (ii) entry of the Bidding Procedures Order by the Bankruptcy Court, Sellers, their respective Affiliates and Representatives may market the Sellers'

assets for sale, may provide all information provided to Purchaser and its Representatives relating to the Sell Side Companies to any of the Sale Process NDA Parties and any other Person that, prior to such disclosure, has executed a confidentiality agreement substantially similar to that executed by the Sale Process NDA Parties, in connection with considering an Acquisition Proposal and Sellers and their respective Affiliates and Representatives may participate or engage in discussions with such Persons and their respective Representatives with respect to such information, but may not engage in negotiations for or knowingly encourage an Acquisition Proposal with such Persons and their respective Representatives."

2. <u>Reference to and Effect in the Purchase Agreement</u>.

(a) Upon the effectiveness of this Amendment, each reference in the Purchase Agreement to "this Agreement," "hereunder," "hereof" or words of like import referring to the Purchase Agreement shall mean and be a reference to the Purchase Agreement as amended hereby.

(b) Except as specifically amended herein, the Purchase Agreement shall continue to be in full force and effect and is hereby in all respects ratified and confirmed, and the execution, delivery and effectiveness of this Amendment shall not operate as a waiver of any right, power or remedy of any party under the Purchase Agreement.

3. <u>Counterparts; Electronic Signature and Delivery</u>.

(a) This Amendment may be executed in one or more counterparts, each of which will be deemed to be an original copy and all of which, when taken together, will be deemed to constitute one and the same agreement or document, and will be effective when counterparts have been signed by each of the parties and delivered to the other parties.

(b) This Amendment may be signed electronically and any signature on this Amendment may be transmitted electronically and any such electronic signature or electronic transmission of a signature will constitute an original signature for all purposes. The delivery of copies of this Amendment, including executed signature pages where required, by electronic transmission will constitute effective delivery of this Amendment or such other document for all purposes.

4. <u>Governing Law</u>. This Amendment, and all claims or causes of action (whether in contract or tort) that may be based upon, arise out of or relate to this Amendment, or the negotiation, execution, termination, validity, performance or nonperformance of this Amendment shall be governed by and construed in accordance with the laws of the State of Delaware applicable to contracts made and to be performed in such State, without regard to any conflict of laws principles thereof.

[Signature Page Follows]

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound, have duly executed this Amendment as of the date first written above.

**SELLERS:**

**ROCKPORT BLOCKER, LLC**

By: ___/s/ William T. Allen___
    Name: William T. Allen
    Title: President

**THE ROCKPORT GROUP HOLDINGS, LLC**

By: _____
    Name: Karla Jarvis
    Title: Secretary

**TRG 1-P HOLDINGS, LLC**

By: _____
    Name: Karla Jarvis
    Title: Secretary

**TRG INTERMEDIATE HOLDINGS, LLC**

By: _____
    Name: Karla Jarvis
    Title: Secretary

**TRG CLASS D, LLC**

By: _____
    Name: Karla Jarvis
    Title: Secretary

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound, have duly executed this Amendment as of the date first written above.

### SELLERS:

**ROCKPORT BLOCKER, LLC**

By: _____
    Name: William T. Allen
    Title:  President


**THE ROCKPORT GROUP HOLDINGS, LLC**

By: _____
    Name: Karla Jarvis
    Title:  Secretary


**TRG 1-P HOLDINGS, LLC**

By: _____
    Name: Karla Jarvis
    Title:  Secretary


**TRG INTERMEDIATE HOLDINGS, LLC**

By: _____
    Name: Karla Jarvis
    Title:  Secretary


**TRG CLASS D, LLC**

By: _____
    Name: Karla Jarvis
    Title:  Secretary

*[Signature Page – Amendment No. 1 to Asset Purchase Agreement]*

**THE ROCKPORT GROUP, LLC**

By: _____
    Name: Karla Jarvis
    Title:  Secretary

**THE ROCKPORT COMPANY, LLC**

By: _____
    Name: Karla Jarvis
    Title:  Secretary

**DRYDOCK FOOTWEAR, LLC**

By: _____
    Name: Karla Jarvis
    Title:  Secretary

**DD MANAGEMENT SERVICES LLC**

By: _____
    Name: Karla Jarvis
    Title:  Secretary

**ROCKPORT CANADA ULC**

By: _____
    Name: Karla Jarvis
    Title:  Secretary

**ROCKPORT CANADA HOLDINGS LTD**

By: _____
    Name: Karla Jarvis
    Title: Director

**PURCHASER:**

**CB MARATHON OPCO, LLC**

By: _____
Name: Joshua A. Klevens
Title:  Managing Director