## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>THE ROCKPORT COMPANY, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-11145 (LSS)<br>(Jointly Administered)<br><br>**Re: D.I. 24**<br><br>**Hearing Date:  June 5, 2018 at 2:00 p.m. (ET)**<br>**Objection Deadline:  June 1, 2018 at 11:00 a.m. (ET)**<br>**(Extended for the Committee)** |

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I)(A)APPROVING BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTORS ASSETS, (B) APPROVING STALKING HORSE BID PROTECTIONS, (C) SCHEDULING AUCTION FOR, AND HEARING TO APPROVE, SALE OF SUBSTANTIALLY ALL OF THE DEBTORS ASSETS, (D) APPROVING FORM AND MANNER OF NOTICE OF SALE, AUCTION AND SALE HEARING, (E) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND (F) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee")[2] of The Rockport Company, LLC, *et al.*, as debtors and debtors-in-possession (the "Debtors"), by and through its proposed counsel, Cooley LLP and Whiteford, Taylor & Preston LLC, hereby submits this objection (the "Objection") to the *Debtors' Motion for an Order (I)(A)Approving Bidding Procedures for Sale of Substantially All of the Debtors Assets, (B) Approving Stalking Horse Bid Protections, (C) Scheduling Auction for, and Hearing to Approve, Sale of Substantially All of the Debtors Assets, (D) Approving Form and Manner of Notice of Sale, Auction and Sale Hearing, (E) Approving Assumption and Assignment Procedures and (F) Granting Related Relief* (the

---

[1] The debtors and debtors in possession in these cases and the last four digits of their respective Employer Identification Numbers are: Rockport Blocker, LLC (5097), The Rockport Group Holdings, LLC (3025), TRG 1-P Holdings, LLC (4756), TRG Intermediate Holdings, LLC (8931), TRG Class D, LLC (4757), The Rockport Group, LLC (5559), The Rockport Company, LLC (5456), Drydock Footwear, LLC (7708), DD Management Services LLC (8274), and Rockport Canada ULC (3548). The debtors' mailing address is 1220 Washington Street, West Newton, Massachusetts 02465.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

"Motion") [D.I. 24].  In support of the Objection, the Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

The Committee appreciates the work done by the Debtors and the Stalking Horse Bidder to develop and negotiate the Stalking Horse APA, and supports setting a floor for the Auction. However, as set forth in more detail herein, the $4.5 million Break-Up Fee and $2 million Expense Reimbursement sought by the Stalking Horse Bidder should not be approved due to the following deficiencies in the Stalking Horse APA.  First, as currently proposed, the Bid Protections may be paid even if the Debtors end up liquidating because the Stalking Horse Bidder chooses to terminate the Stalking Horse APA.  Second, the Stalking Horse Bidder is not unconditionally agreeing to serve as a back-up bidder under the Stalking Horse APA.  As a result of these provisions, the Debtors cannot meet their burden under *O'Brien*, and the Bid Protections should not be approved absent remedial changes to the Stalking Horse APA.

## BACKGROUND

1.      On May 14, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and properties as debtors-in-possession.  No trustee or examiner has been appointed in these cases.

2.      On the Petition Date, the Debtors filed the Motion seeking an order, *inter alia*, (i) authorizing bidding procedures for a sale of the Debtors' assets (the "Bidding Procedures"), and (ii) approving a $4.5 million break-up fee (the "Break-Up Fee") and an expense reimbursement in an amount up to $2 million (the "Expense Reimbursement," and together with the Break-Up

Fee, the "Bid Protections") to CB Marathon Opco, LLC (the "Stalking Horse Bidder") pursuant to the terms of the asset purchase agreement dated May 13, 2018 by and between the Debtors and the Stalking Horse Bidder (the "Stalking Horse APA").

3.     The Stalking Horse APA provides, *inter alia*, that:

> Sellers shall pay to Purchaser (i) so long as this Agreement has not been validly terminated by Sellers in accordance with Section 4.4 of this Agreement prior to the Bid Deadline or by Purchaser in accordance with Section 4.4 of this Agreement prior to the Auction, the Expense Reimbursement and the Break-Up Fee by wire transfer of immediately available funds as a required closing payment at the closing of an Alternative Transaction with a Person that is not the Purchaser, regardless of whether this Agreement has been validly terminated[.]

*Stalking Horse APA*, § 4.6(a).  "Alternative Transaction" is defined in the Stalking Horse APA to mean a transaction or series of related transactions pursuant to which the Debtors accept a bid for all or a substantial and material portion of the Purchased Assets, from an entity other than the Stalking Horse Bidder, "as the highest or best offer in accordance with the Bidding Procedures Order **or otherwise**." *Id.* at Annex B (emphasis added).  Accordingly, a liquidation by the Debtors conducted because the Stalking Horse APA was either validly terminated by the Debtors after the Bid Deadline or validly or invalidly terminated by the Stalking Horse Bidder after the Auction would qualify as an "Alternative Transaction" under the Stalking Horse APA and trigger payment of the Bid Protections.

4.     The Debtors recognize this reality, stating in the Motion that:

> It is possible that, although the Purchaser remains committed to the Sale past the Bid Deadline and up to the date of the Auction, the Purchaser validly terminates the Purchase Agreement due to breaches by the Sellers and the Sellers do not receive any Qualified Bids under the Bidding Procedures, and the Debtors are then required to pursue a lesser transaction or piecemeal liquidation that could constitute an Alternative Transaction under the terms of the Stalking Horse Agreement. Under this scenario, the Purchaser

3

> would be entitled to payment of the Break-up Fee and Expense Reimbursement under the terms of the Stalking Horse Agreement.
>
> Similarly, after having remained committed to the Sale up through the Bid Deadline, there could be a scenario whereby the Purchaser is entitled to payment of the Break-up Fee and Expense Reimbursement notwithstanding the Sellers having terminated the Stalking Horse Agreement after the Bid Deadline due to the Purchaser's breach (pursuant to Section 4.4(f) of the Stalking Horse Agreement), provided the Sellers close an Alternative Transaction following such termination.

*Motion*, ¶ 18 n. 8.

5.    If the Bid Protections become due under the Stalking Horse APA, the proposed order approving the Motion provides that they "shall be paid, at the closing of any Alternative Transaction as a required closing expense." *Motion*, Ex. A, ¶ 16.

6.    The Bidding Procedures also provide that Stalking Horse Bidder "is not required to serve as the Back-Up Bidder unless it chooses to participate in the Auction and bids against the proposed Alternative Transaction." *Motion*, Ex. 1 to Ex. A, at pg. 6-7.

7.    On May 23, 2018, the Committee was appointed in these cases by the Office of the United States Trustee for the District of Delaware (the "<u>US Trustee</u>"), consisting of the following three members: (i) Earth, Inc., (ii) Hemisphere Design & Manufacturing LLC, and (iii) Simon Property Group.  That same day, the Committee selected Cooley LLP and Whiteford, Taylor & Preston LLC, as its proposed counsel, and Province, Inc. as its proposed financial advisor.

## <u>OBJECTION</u>

### A.    The Proposed Bid Protections Should Be Denied Absent <u>Changes to the Stalking Horse APA</u>

8.    The Debtors' business judgment is afforded no deference with respect to the Bid Protections.  *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy)*, 181

F.3d 527, 535 (3d Cir. 1999) (concluding "that the business judgment rule should not be applied" to break-up fees in bankruptcy). Rather, a break-up fee should be approved only where there has been a showing "that the fees were actually necessary to preserve the value of the estate." *Id.* at 535. The Debtors cannot make that showing here for two primary reasons.

9.      First, as described above, the Bid Protections may become due and owing even where the Stalking Horse APA provides no benefit to the estates, such as (i) if the Debtors are forced to liquidate their assets after the Stalking Horse Bidder terminates the Stalking Horse APA or (ii) where the Debtors terminate the Stalking Horse Agreement due to the Stalking Horse Bidder's breach. Under these circumstances, the Bid Protections are not preserving the value of the Debtors' estates.

10.     Second, the Stalking Horse APA does not establish a legitimate baseline bid because the Bidding Procedures do not require the Stalking Horse Bidder to serve as a back-up bidder unless it chooses to bid at the Auction. This provision deprives the estate of a true floor, as required by *O'Brien*. Moreover, in the event Stalking Horse Bidder is outbid and does not participate in the Auction, the Debtors may be forced to liquidate if they are unable to close the sale with the successful bidder, yet the Debtors would arguably still be required to pay the Break-Up Fee and Expense Reimbursement. Accordingly, the Bid Protections are not necessarily beneficial to the Debtors' estates, and should not be approved unless the Stalking Horse Bidder agrees to unconditionally serve as a back-up bidder at the Auction.

**B.      The Proposed Bidding Procedures Should be Modified**

11.     In addition to the foregoing, the Committee intends to work with the Debtors regarding the following suggested revisions to the Bidding Procedures:

- The Debtors may accept bids for specific categories or "lots" of the Debtors' assets and provide for bidding at the Auction on such specific categories or lots;

- In selecting the Successful Bidder, the Debtors, in consultation with the Consultation Parties, may consider a number of factors, including, *inter alia*, the assumption of liabilities, contracts, and leases, the likely employment of the Debtors' employees, and any other factors that the Debtors, in consultation with the Consultation Parties, reasonably deem relevant; and

- The Debtors may introduce bidders to each other at or prior to the Auction, and may, in consultation with the Consultation Parties, adjourn the Auction to facilitate discussion among qualified bidders.

**C.**    **Reservation of Rights**

12.    The Committee reserves the right to raise additional issues with the proposed Bidding Procedures Order or the Stalking Horse APA at or prior to the hearing.  Further, the Committee reserves its rights to seek modification of the Bid Deadline or any other deadlines in the event the Committee determines that such modifications will further the interests of general unsecured creditors.

**[remainder of page intentionally left blank]**

**WHEREFORE**, the Committee respectfully requests entry of an order denying the relief requested in the Motion, or providing for such other and further relief as the Court deems just and proper.

Dated: June 1, 2018                 Respectfully submitted,
      Wilmington, Delaware

*/s/ Katherine Good*
Christopher M. Samis (No. 4909)
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
WHITEFORD, TAYLOR & PRESTON LLC
The Renaissance Centre
405 North King Street, Suite 500
Wilmington, Delaware 19801
Telephone: (302) 353-4144
Facsimile:  (302) 661-7950
Email:     csamis@wtplaw.com
            kgood@wtplaw.com
            astulman@wtplaw.com

  -and-

Jay R. Indyke, Esq.
Robert Winning, Esq.
Sarah A. Carnes, Esq.
Lauren A. Reichardt, Esq.
COOLEY LLP
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7798
Telephone: (212) 479-6000
Facsimile:  (212) 479-6275
Email:     jindyke@cooley.com
            rwinning@ cooley.com
            scarnes@cooley.com
            lreichardt@cooley.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*