## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

_____

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| THE RELAY SHOE COMPANY, LLC, *et al.*, | ) | Case No. 18-11145 (LSS) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket Nos. 505, 506 & 554** |
|  | ) |  |

_____

**ORDER (A) APPROVING THE DISCLOSURE STATEMENT AS SET FORTH IN THE COMBINED PLAN AND DISCLOSURE STATEMENT ON AN INTERIM BASIS, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE COMBINED PLAN AND DISCLOSURE STATEMENT, (C) APPROVING THE FORMS OF BALLOT AND SOLICITATION MATERIALS, (D) ESTABLISHING THE VOTING RECORD DATE, (E) SCHEDULING A CONFIRMATION HEARING AND DEADLINE FOR FILING OBJECTIONS TO FINAL APPROVAL OF THE COMBINED PLAN AND DISCLOSURE STATEMENT AND CONFIRMATION THEREOF, AND (F) APPROVING THE RELATED FORM OF NOTICE**

Upon consideration of the motion (the "**Motion**") and all pleadings related thereto, and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and the Court having venue pursuant to

---

[1] The debtors and debtors in possession in these cases and the last four digits of their respective Employer Identification Numbers are: Relay Blocker, LLC (f/k/a Rockport Blocker, LLC) (5097), The Relay Group Holdings, LLC (f/k/a The Rockport Group Holdings, LLC) (3025), Relay 1-P Holdings, LLC (f/k/a TRG 1-P Holdings, LLC) (4756), Relay Intermediate Holdings, LLC (f/k/a TRG Intermediate Holdings, LLC) (8931), Relay Class D, LLC (f/k/a TRG Class D, LLC) (4757), The Relay Group, LLC (f/k/a The Rockport Group, LLC) (5559), The Relay Shoe Company, LLC (f/k/a The Rockport Company, LLC) (5456), Drydock Footwear, LLC (7708), DD Management Services LLC (8274), and Relay Opco Canada ULC (f/k/a Rockport Canada ULC) (3548). The debtors' mailing address is 1220 Washington Street, West Newton, Massachusetts 02465.

28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given; and the Court having determined that the legal and factual bases set forth in the Motion and at a hearing on the Motion, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their stakeholders, their estates and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

THE COURT HEREBY FINDS AS FOLLOWS:

A.     The forms of ballot attached hereto as Exhibits A-1 and A-2 (jointly, the "**Ballots**") (i) are consistent with Official Form No. 314, (ii) adequately address the particular needs of these Chapter 11 Cases, (iii) are appropriate for the voting Classes, and (iv) comply with Bankruptcy Rule 3017(d).

B.     Ballots need not be provided to Holders of Claims or Interests in the following Classes, as such non-voting Classes are either (i) Unimpaired and are conclusively presumed to have accepted the Combined Plan and Disclosure Statement in accordance with Section 1126(f) of the Bankruptcy Code or (ii) Impaired but will neither retain nor receive any property under the Combined Plan and Disclosure Statement and, thus, are conclusively deemed to have rejected the Combined Plan and Disclosure Statement under Section 1126(g) of the Bankruptcy Code:

RLF1 20088253v.2

| The Relay Shoe Company, LLC  (f/k/a The Rockport Company, LLC) | | | | |
|---|---|---|---|---|
| Class | Type | Status Under Plan | Voting Status | Anticipated Recovery |
| 1(a) | Other Secured Claims against the U.S. Debtors | Unimpaired | Deemed to Accept | 100% |
| 1(b) | Other Secured Claims against Rockport Canada | Unimpaired | Deemed to Accept | 100% |
| 3(a) | Other Priority Claims against the U.S. Debtors | Unimpaired | Deemed to Accept | 100% |
| 3(b) | Other Priority Claims against Rockport Canada | Unimpaired | Deemed to Accept | 100% |
| 5(a) | Intercompany Claims against the U.S. Debtors | Impaired | Deemed to Reject | No Distribution |
| 5(b) | Intercompany Claims against Rockport Canada | Impaired | Deemed to Reject | No Distribution |
| 6(a) | Equity Interests in U.S. Debtors | Impaired | Deemed to Reject | No Distribution |
| 6(b) | Equity Interests in Rockport Canada | Impaired | Deemed to Reject | No Distribution |

C.       The period during which the Debtors may solicit votes to accept or reject the Combined Plan and Disclosure Statement, as established by this Order, provides sufficient time for Holders of Claims and Interests to make informed decisions to accept or reject the Combined Plan and Disclosure Statement and timely submit their Ballots.

D.       The Vote Tabulation Procedures for the solicitation and tabulation of votes to accept or reject the Combined Plan and Disclosure Statement, as approved herein, provide a fair and equitable voting process and are consistent with Section 1126 of the Bankruptcy Code.

E.       The contents of the Solicitation Packages and the procedures for providing notice of the hearing on confirmation of the Combined Plan and Disclosure Statement and the other

matters set forth in the Confirmation Notice comply with Bankruptcy Rules 2002 and 3017 and, under the circumstances, constitute sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy Rules, and Local Rules.

IT IS HEREBY FOUND AND DETERMINED THAT:

1.    The Motion is granted as set forth herein.

2.    The Disclosure Statement, as set forth in the Combined Plan and Disclosure Statement, is approved on an interim basis under Section 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2.

3.    The following dates and deadlines are approved:

| | |
|---|---|
| Voting Record Date | October 12, 2018 |
| Solicitation Date | October 19, 2018 |
| Claim Objection Deadline (for Voting Purposes Only) | November 2, 2018 |
| Deadline to File Plan Supplement | November 9, 2018 |
| Rule 3018 Motion Deadline | November 13, 2018 at 4:00 p.m. (ET) |
| Rule 3018 Objection Deadline | November 19, 2018 at 4:00 p.m. (ET) |
| Confirmation Objection Deadline | November 19, 2018 at 4:00 p.m. (ET) |
| Voting Deadline | November 19, 2018 at 5:00 p.m. (ET) |
| Deadline to File Voting Declaration | November 26, 2018 at 12:00 p.m. (ET) |
| Reply Deadline | November 26, 2018 at 12:00 p.m. (ET) |
| Confirmation Hearing | November 28, 2018 at 10:00 a.m. (ET) |

4.    As set forth in paragraph 3 above, the Confirmation Hearing is scheduled for **November 28, 2018 at 10:00 a.m. (Eastern Time)**, before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge, in Courtroom 2 of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801. Also as set forth in paragraph 3 above, the deadline to file objections to the adequacy of

4

the Combined Plan and Disclosure Statement and/or confirmation thereof (the "**Objection Deadline**") shall be **4:00 p.m. (Eastern Time) on November 19, 2018**. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open court.

5.      Objections to the adequacy of the Combined Plan and Disclosure Statement and/or confirmation thereof, if any, must:

(a)      be in writing;

(b)      comply with the Bankruptcy Rules and the Local Rules;

(c)      state the name and address of the objecting party and the amount and nature of the claim or equity interest of such entity or person;

(d)      state with particularity the basis and nature of any objection to the adequacy of the Combined Plan and Disclosure Statement and confirmation thereof and, if practicable, a proposed modification to the Combined Plan and Disclosure Statement that would resolve such objection; and

(e)      be filed, together with proof of service, with the Court and served so that they are actually received by the notice parties identified in the Confirmation Hearing Notice by the Objection Deadline.

6.      As set forth in paragraph 3 above, the Debtors shall, if they deem necessary in their discretion, file a consolidated reply to any such objections and/or any affidavits or declarations in support of approval of the Combined Plan and Disclosure Statement by no later than **November 26, 2018 at 12:00 p.m. (Eastern Time)** (or one (1) Business Day prior to the date of any adjourned Confirmation Hearing).

7.      The Confirmation Hearing Notice, in substantially the form attached hereto as Exhibit B, is approved, and shall be served upon the Debtors' Creditor matrix and all interest holders of record as soon as practicable after the entry of this Order.

8.      As set forth in paragraph 3 above, the record date (the "**Voting Record Date**") for determining which Holders of Claims and Interests are entitled to vote to accept or reject the Combined Plan and Disclosure Statement shall be **October 12, 2018**.

9.      The Debtors shall cause the transmittal of a package (the "**Solicitation Package**") containing, among other materials, (a) the Combined Plan and Disclosure Statement (either on CD-ROM or flash drive), (b) an appropriate Ballot, (c) the Confirmation Hearing Notice, and (d) this Order to the Holders of Claims in the voting Classes within five (5) business days following entry of this Order, including all exhibits (either on CD-ROM or flash drive).

10.     As part of the Solicitation Package, the Debtors shall distribute, to Creditors entitled to vote on the Combined Plan and Disclosure Statement, one or more Ballots based on Official Form No. 314, modified to address the particular circumstances of these Chapter 11 Cases and to include certain additional information that the Debtors believe to be relevant and appropriate for each class of Claims entitled to vote to accept or reject the Combined Plan and Disclosure Statement. The forms of Ballot attached as Exhibits B-1 and B-2 to the Motion are hereby approved.

11.     As set forth in paragraph 3 above, the deadline to submit Ballots to accept or reject the Combined Plan and Disclosure Statement shall be **5:00 p.m. (Eastern Time) on November 19, 2018** (the "**Voting Deadline**"). Ballots are to be delivered according to the instructions set forth on the applicable Ballot.

12.     Ballots shall be transmitted by mail to the Holders of Claims in Classes 2 and 4. All other Holders of Claims or Interests will not be provided with a Ballot because such Holders are either (a) unimpaired and presumed to accept the Combined Plan and Disclosure Statement under Section 1126(f) of the Bankruptcy Code, or (b) impaired and deemed to reject the

Combined Plan and Disclosure Statement under Section 1126(g) of the Bankruptcy Code. Such non-voting Holders will receive a copy of the Confirmation Hearing Notice.

13.     As set forth in paragraph 3 above, if a Creditor seeks to challenge the allowance of its Claim for voting purposes, such Creditor must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Combined Plan and Disclosure Statement (a "**3018 Motion**") and serve the 3018 Motion on the Debtors so that it is received no later than **4:00 p.m. (Eastern Time) on November 13, 2018** (the "**3018 Motion Deadline**").  Also as set forth in paragraph 3 above, any objection to a 3018 Motion shall be filed no later than **4:00 p.m. (Eastern Time) on November 19, 2018** (the "**3018 Objection Deadline**").

14.     The following Vote Tabulation Procedures are approved and shall be utilized in tabulating the Ballots:

(a)     Unless otherwise provided in these Vote Tabulation Procedures, a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to (i) the amount of such Claim as set forth in the Debtors' Schedules if no proof of Claim has been timely filed in respect of such Claim (except as provided in subsection (c) below); or (ii) if a proof of Claim has been timely filed in respect of such Claim, the amount set forth in such proof of Claim (except as provided in subsection (d) below).

(b)     Duplicative Claims (i.e., the same Claim against two or more of the Debtors in the same plan plass) listed in the Debtors' Schedules or in timely-filed Proofs of Claim will be deemed temporarily allowed for voting purposes only in an amount equal to one such Claim and not in an amount equal to the aggregate of such Claims.

(c)     If a Claim, for which no proof of Claim has been timely filed, is listed on the Schedules, but is listed as contingent, unliquidated or disputed, either in whole or in part, or if no Claim amount is specified, such Claim shall be disallowed for voting purposes; provided, however, that any undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Vote Tabulation Procedures; provided, further, however, that such Claim shall be entitled to vote in the amount of $1.00 if the applicable bar date for this Claim has not expired.

7

(d)    If a Claim, for which a proof of Claim has been timely filed, has not been disallowed and is not subject to a pending objection or adversary proceeding as of the Voting Record Date, is marked or otherwise referenced on its face as contingent, unliquidated or disputed, either in whole or in part, or if no Claim amount is specified on such roof of Claim, such Claim shall be temporarily allowed solely for voting purposes in the amount of $1.00, irrespective of how such Claim may or may not be set forth on the Schedules; provided, however, that any liquidated or undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Vote Tabulation Procedures.

(e)    If the Debtors have served an objection or request for estimation as to a Claim on or before November 2, 2018, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection.

(f)    Except as otherwise ordered by the Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Debtors (in their sole discretion).

(g)    Any Ballot that does not indicate an acceptance or rejection of the Combined Plan and Disclosure Statement, or that indicates both an acceptance and rejection of the Combined Plan and Disclosure Statement, will not be counted.

(h)    Any Ballot that is returned indicating acceptance or rejection of the Combined Plan and Disclosure Statement but is unsigned will not be counted.

(i)    Any Ballot received by the Balloting Agent by facsimile or other electronic communication will not be counted, provided that Ballots submitted through the online voting portal will be counted.

(j)    Whenever a Creditor casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-received valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior received Ballots.

(k)    If a Creditor casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

(l)    Each Creditor will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

(m)    Creditors may not split their vote within a Class; thus, each Creditor will be required to vote all of its Claims within the Class either to accept or reject the Combined Plan and Disclosure Statement.

8

(n)    Ballots partially rejecting and partially accepting the Combined Plan and Disclosure Statement will not be counted.

(o)    The method of delivery of Ballots to the Balloting Agent is at the risk of each Creditor, and such delivery will be deemed made only when the original Ballot is actually received by the Balloting Agent.

(p)    The Debtors expressly reserve the right to amend the terms of the Combined Plan and Disclosure Statement (subject to compliance with Section 1127 of the Bankruptcy Code).  If the Debtors make material changes to the terms of the Combined Plan and Disclosure Statement, the Debtors will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

(q)    If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or other person acting in a fiduciary or representative capacity on behalf of a Creditor, such person will be required to indicate such capacity when signing and, at the Debtors' or Balloting Agent's request, must submit proper evidence satisfactory to the Debtors and/or Balloting Agent to so act on behalf of the Creditor.

(r)    Any Creditor who has delivered a valid Ballot voting on the Combined Plan and Disclosure Statement may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

(s)    Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

(t)    Unless waived by the Debtors or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as Debtors or the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

(u)    Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification.

15.    As set forth in paragraph 3 above, the Balloting Agent shall commence mailing or transmittal the Solicitation Packages no later than five (5) business days after the entry of this Order.

RLF1 20088253v.2

16.     The Debtors are authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Combined Plan and Disclosure Statement and any other materials included in the Solicitation Package prior to their distribution.

17.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19.     This Order is effective immediately upon entry.

20.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: October 16th, 2018**
**Wilmington, Delaware**

10