# EXHIBIT A

**Draft of Liquidating Trust Agreement**

**Draft**

# LIQUIDATING TRUST AGREEMENT

This LIQUIDATING TRUST AGREEMENT (this "Agreement" or "Liquidating Trust Agreement") is made and entered into, as of the Effective Date, by and among The Relay Shoe Company, LLC (f/k/a The Rockport Company, LLC), Relay Blocker, LLC (f/k/a Rockport Blocker, LLC), The Relay Group Holdings, LLC (f/k/a The Rockport Group Holdings, LLC), Relay 1-P Holdings, LLC (f/k/a TRG 1-P Holdings, LLC), Relay Intermediate Holdings, LLC (f/k/a TRG Intermediate Holdings, LLC), Relay Class D, LLC (f/k/a TRG Class D, LLC), The Relay Group, LLC (f/k/a The Rockport Group, LLC), The Relay Company, LLC (f/k/a The Rockport Company, LLC), Drydock Footwear, LLC, and DD Management Services LLC (collectively, the "Debtors"),[1] the official committee of unsecured creditors appointed in the Debtors' Chapter 11 Cases (the "Committee"), and Steven Balasiano (the "Liquidating Trustee"). Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Plan (defined below).

## RECITALS

WHEREAS, on May 14, 2018, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and

WHEREAS, the Debtors filed with the Bankruptcy Court the [*Combined Disclosure Statement and Chapter 11 Plan of Liquidation*, dated as of October 16, 2018] (together with all exhibits thereto, including, without limitation, the Plan Supplement, as the same may be amended, modified, or supplemented, the "Plan"); and

WHEREAS, pursuant to the Plan Confirmation Order, on [_____, 2018], the Bankruptcy Court confirmed the Plan; and

WHEREAS, under the terms of the Plan, certain assets and other property of the Debtors as of the Effective Date of the Plan will be transferred to and held by the Liquidating Trust created by this Liquidating Trust Agreement so that, among other things: (i) the Liquidating Trust Assets can be pursued and/or disposed of in an orderly and expeditious manner; (ii) objections to Claims can be pursued and/or resolved by the Liquidating Trust; and (iii) Distributions can be made to the beneficiaries of the Liquidating Trust in accordance with the Plan; and

WHEREAS, this Liquidating Trust is established under and pursuant to the Plan which provides for the appointment of the Liquidating Trustee to administer the Liquidating Trust for the benefit of the Beneficiaries, and to provide administrative services relating to the implementation of the Plan; and

WHEREAS, the Liquidating Trustee has agreed to serve as such upon the terms and subject to the conditions set forth in this Agreement.

---

[1] For the avoidance of doubt, Relay Opco Canada ULC (f/k/a Rockport Canada ULC) shall not be included in the definition of "Debtors" for purposes of this Agreement.

NOW, THEREFORE, in accordance with the Plan and in consideration of the promises and of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

## DECLARATION OF TRUST

The Debtors hereby absolutely assign to the Liquidating Trust, and to its successors in trust and its successors and assigns, all right, title and interest of the Debtors in and to the Liquidating Trust Assets;

TO HAVE AND TO HOLD unto the Liquidating Trust and its successors in trust and its successors and assigns forever;

IN TRUST NEVERTHELESS upon the terms and subject to the conditions set forth herein and for the benefit of the Beneficiaries, as and to the extent provided in the Plan, and for the performance of and compliance with the terms hereof and of the Plan;

PROVIDED, HOWEVER, that upon termination of the Liquidating Trust in accordance with Article V hereof, this Agreement shall cease, terminate and be of no further force and effect; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED that the Liquidating Trust Assets are to be held and applied by the Liquidating Trustee upon the further covenants and terms and subject to the conditions herein set forth.

**I    NAME; PURPOSE; LIQUIDATING TRUST ASSETS**

1.1    Name of Trust.  The trust created by this Agreement shall be known as the "Relay Shoe Liquidating Trust" or sometimes herein as the "Liquidating Trust."

1.2    Transfer of Liquidating Trust Assets.  In accordance with the provisions of the Plan, on the Effective Date, the Debtors and their chapter 11 Estates shall be deemed to transfer, assign and convey to the Beneficiaries the Liquidating Trust Assets, followed by a deemed transfer by such Beneficiaries to the Liquidating Trust, to be held by the Liquidating Trustee in trust for the Beneficiaries, on the terms and subject to the conditions set forth herein and in the Plan.

1.3    Purposes.  The purposes of the Liquidating Trust are to hold and effectuate an orderly disposition of the Liquidating Trust Assets and to distribute or pay over the Liquidating Trust Assets or proceeds thereof in accordance with this Agreement and the Plan, with no objective or authority to engage in any trade or business.

1.4    Acceptance by the Liquidating Trustee.  The Liquidating Trustee is willing and hereby accepts the appointment to serve as Liquidating Trustee pursuant to this Agreement and the Plan and agrees to observe and perform all duties and obligations imposed upon the Liquidating Trustee by this Agreement and the Plan, including, without limitation, to accept, hold and administer the Liquidating Trust Assets and otherwise to carry out the purpose of the Liquidating Trust in accordance with the terms and subject to the conditions set forth herein.

1.5 The Trust Oversight Committee.

(a) The Trust Oversight Committee shall consist of those initial members identified in the Plan Supplement. In the event that a member of the Trust Oversight Committee resigns, the Liquidating Trustee may, but shall not be required to, appoint a new member, subject to the approval of the remaining members of the Trust Oversight Committee or the Bankruptcy Court.

(b) The Trust Oversight Committee shall consult with the Liquidating Trustee from time to time on matters affecting the administration of the Liquidating Trust. The Trust Oversight Committee shall, if necessary or desirable in its sole discretion, replace the Liquidating Trustee in accordance with the terms of this Agreement.

(c) Any member of the Trust Oversight Committee may resign upon reasonable notice to the Liquidating Trustee, counsel for the Liquidating Trust, and other members of the Trust Oversight Committee. Fourteen (14) days prior written notice shall constitute reasonable notice under this Section. Any member of the Trust Oversight Committee may be removed by the Bankruptcy Court for cause. The Trust Oversight Committee may authorize its own dissolution by filing a notice with the Bankruptcy Court. Unless earlier dissolved, the Trust Oversight Committee shall be dissolved as of the date all of the Debtors' Chapter 11 Cases are closed.

(d) The Trust Oversight Committee is authorized, but not required, to retain such professional Persons it deems necessary and appropriate, including, without limitation, Persons who have previously been approved by the Bankruptcy Court to be retained by the Debtors or the Committee. Professionals retained by the Trust Oversight Committee, if any, shall be compensated from the Liquidating Trust Assets on a monthly basis. Members of the Trust Oversight Committee shall have fiduciary duties to the Beneficiaries in the same manner that members of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code have fiduciary duties to the constituents represented by such a committee and shall be entitled to indemnification from the Liquidating Trust Assets in the same manner as the Liquidating Trustee for service as members of the Trust Oversight Committee from and after the Effective Date of the Plan under or in connection with this Agreement. Except in the case of willful misconduct or, in the case of an attorney professional and as required under Rule 1.8(h)(1) of the Delaware Lawyers' Rules of Professional Conduct, malpractice, the Trust Oversight Committee, its members, and their retained professional Persons shall not be liable for any loss or damage by reason of any action taken or omitted by them pursuant to the discretion, powers and authority conferred, or in good faith believed by the Trust Oversight Committee to be conferred, on the Trust Oversight Committee by this Agreement or the Plan.

(e) [Reserved.]

(f) Subject to Section 1.5(g) below, the Liquidating Trustee shall obtain the approval of the Trust Oversight Committee by at least a majority vote prior to taking any action regarding any of the following matters:

        (i)       The borrowing of any funds by the Liquidating Trust or pledge of any portion of the Liquidating Trust Assets;

        (ii)      Any matter which could reasonably be expected to have a material adverse effect on the amount of distributions to be made by the Liquidating Trust;

        (iii)     The exercise of any right or action set forth in this Liquidating Trust Agreement that expressly requires approval of the Trust Oversight Committee; and

        (iv)     All investments authorized to be made by the Liquidating Trustee under this Liquidating Trust Agreement.

        (g)      The Liquidating Trustee's failure to receive objections from members of the Trust Oversight Committee within seven (7) days after written (including facsimile or electronic) notice is provided to the Trust Oversight Committee of a proposed action shall be deemed approval of the Trust Oversight Committee for purposes of this Section.

        (h)      In the event that the Trust Oversight Committee does not approve of any action proposed to be taken by the Liquidating Trustee, the Liquidating Trustee shall have the right to ask the Bankruptcy Court to approve his proposed course of action and the Bankruptcy Court may authorize such action if it is found to be in the best interest of the Beneficiaries.

**II     RIGHTS, POWERS AND DUTIES OF LIQUIDATING TRUSTEE**

        2.1     <u>General</u>. As of the Effective Date, the Liquidating Trustee shall take possession and charge of the Liquidating Trust Assets and, subject to the provisions hereof and in the Plan, shall have full right, power and discretion to manage the affairs of the Liquidating Trust, subject to Section 1.5 above. Except as otherwise provided herein and in the Plan, the Liquidating Trustee shall have the right and power to enter into any covenants or agreements binding the Liquidating Trust and in furtherance of the purpose hereof and of the Plan and to execute, acknowledge and deliver any and all instruments that are necessary or deemed by the Liquidating Trustee to be consistent with and advisable in connection with the performance of his or her duties hereunder. On and after the Effective Date, the Liquidating Trustee shall have the power and responsibility to do all acts contemplated by the Plan to be done by the Liquidating Trustee and all other acts that may be necessary or appropriate in connection with the disposition of the Liquidating Trust Assets and the distribution of the proceeds thereof, as contemplated by the Plan, including:

        (a)      To exercise all power and authority that may be or could have been exercised, commence all proceedings that may be or could have been commenced and take all actions that may be or could have been taken by any of the Debtors with respect to the Liquidating Trust Assets with like effect as if authorized, exercised and taken by the Debtors;

        (b)      To open and maintain bank and other deposit accounts, escrows and other accounts, calculate and implement Distributions to Beneficiaries as provided for or contemplated by the Plan and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment and maintenance of appropriate reserves;

(c) Subject to the applicable provisions of the Plan, to collect and liquidate all assets of the Debtors' Estates pursuant to the Plan;

(d) To object to any Claims (Disputed or otherwise), formally or informally, and to defend, compromise and/or settle any such Claims prior to or following objection without the necessity of approval of the Bankruptcy Court, and/or to seek Bankruptcy Court approval for any Claims settlement, to the extent thought appropriate by the Liquidating Trustee or to the extent such approval is required by prior order of the Bankruptcy Court;

(e) To make decisions in consultation with the Trust Oversight Committee, without further Bankruptcy Court approval, regarding the retention or engagement of professionals, employees and consultants by the Liquidating Trust and to pay, from the Liquidating Trust Assets, the charges incurred by the Liquidating Trust and/or Trust Oversight Committee on or after the Effective Date for services of professionals, disbursements, expenses or related support services under this Agreement or relating to the winding down of the Debtors and implementation of the Plan, without application to the Bankruptcy Court;

(f) To cause, on behalf of the Liquidating Trust, the Debtors, and their Estates to file all necessary tax returns and all other appropriate or necessary tax-related documents;

(g) To invest Cash in accordance with section 345 of the Bankruptcy Code or as otherwise permitted by a Final Order of the Bankruptcy Court and as deemed appropriate by the Liquidating Trustee and Trust Oversight Committee in accordance with the investment and deposit guidelines set forth in section 2.4 of this Agreement;

(h) To collect any accounts receivable or other claims and assets of the Debtors or their estates not otherwise disposed of pursuant to the Plan;

(i) To enter into any agreement or execute any document required by or consistent with the Plan and perform all of the obligations of the Debtors or the Liquidating Trustee thereunder;

(j) To abandon in any commercially reasonable manner, including abandonment or donation to a charitable organization(s), any assets that the Liquidating Trustee concludes are of no benefit to creditors of the Debtors or are too impractical to distribute;

(k) To investigate (including pursuant to Bankruptcy Rule 2004), prosecute and/or settle any U.S. Litigation Claims, participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction, participate as a party or otherwise in any administrative, arbitrative or other non-judicial proceeding, litigate or settle such U.S. Litigation Claims on behalf of the Liquidating Trust and pursue to settlement or judgment such actions;

(l) To approve, without Bankruptcy Court approval, the settlement of any U.S. Litigation Claim;

(m) To use Liquidating Trust Assets to purchase or create and carry all appropriate insurance policies, bonds or other means of assurance and protection of the

Liquidating Trust Assets and pay all insurance premiums and other costs he or she deems necessary or advisable to insure the acts and omissions of the Liquidating Trustee, and if appropriate, the Trust Oversight Committee;

(n) To implement and/or enforce all provisions of the Plan;

(o) To maintain appropriate books and records (including financial books and records) to govern the liquidation and distribution of the Liquidating Trust Assets;

(p) To pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6) and to file with the Bankruptcy Court and serve on the U.S. Trustee quarterly post-confirmation financial reports for each and every Debtor until its particular case is closed (pursuant to Section A.4 of Article X of the Plan or otherwise), dismissed or converted;

(q) To make all Distributions to Holders of Allowed Claims as provided for or contemplated by the Plan;

(r) To seek a final decree closing any or all of the Chapter 11 Cases; and

(s) To do all other acts or things consistent with the provisions of the Plan that the Liquidating Trustee deems reasonably necessary or desirable with respect to implementing the Plan.

Other than the obligations of the Liquidating Trustee enumerated or referred to under this Agreement or the Plan, the Liquidating Trustee shall have no duties or obligations of any kind or nature respecting the implementation and administration of the Plan or this Agreement.

2.2 Costs. On and after the Effective Date, the Liquidating Trustee shall reserve Cash reserves from the Liquidating Trust Assets to be held in a Liquidating Trust wind-down fund (the "Liquidating Trust Operating Expenses Reserve"). The Liquidating Trust Operating Expenses Reserve shall be used to pay Liquidating Trust Operating Expenses. In the event that amounts held in the Liquidating Trust Operating Expenses Reserve, together with any remaining Liquidating Trust Assets, are insufficient to pay all Liquidating Trust Operating Expenses, the Liquidating Trustee shall, unless reserves sufficient for such purpose have otherwise been made available from any other sources, have no obligation under this Agreement to make such payments.

2.3 Distributions.

(a) Generally. Pursuant to the Plan, the Liquidating Trustee shall record and account for all proceeds received upon any disposition of Liquidating Trust Assets (after deduction therefrom of appropriate reserves as provided herein and in the Plan) for distribution in accordance with the provisions of the Plan.

(b) Manner of Payment or Distribution. Following the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Liquidating Trustee shall make continuing efforts to liquidate all Liquidating Trust Assets in accordance with the Plan and this Agreement, provided that the timing of all Distributions made by the Liquidating Trustee to Beneficiaries

6

shall be at the discretion of the Liquidating Trustee, and provided further that Distributions to Beneficiaries may only be made after the Administrative Claim Bar Date.  If the Distribution shall be in Cash, the Liquidating Trustee shall distribute such Cash by wire, check, or such other method as the Liquidating Trustee deems appropriate under the circumstances.

(c) <u>Delivery of Distributions</u>.  All Distributions under this Agreement to any Beneficiary shall be made at the address of such Beneficiary as set forth in the claims register maintained in the Chapter 11 Cases (subject to any transfer effectuated pursuant to Bankruptcy Rule 3001(e)) or, in the absence of a filed-proof of claim, the Schedules.  If a Distribution is returned as undeliverable, the Liquidating Trustee shall use reasonable efforts to determine such Beneficiary's then-current address.  If the Liquidating Trustee cannot determine, or is not notified of, a Beneficiary's then-current address within 120-days after a Distribution is returned as undeliverable, the Distribution reserved for such Beneficiary shall be deemed an Unclaimed Distribution.

(d) <u>Disputed Claim Reserve</u>.  On or after the Effective Date, the Liquidating Trustee shall reserve Cash reserves for the treatment of Disputed Claims (the "<u>Disputed Claim Reserve</u>").  On each Distribution date after the Effective Date in which the Liquidating Trustee makes Distributions to Holders of Allowed Claims, the Liquidating Trustee shall retain on account of Disputed Claims an amount the Liquidating Trustee estimates is necessary to fund the Pro Rata Share of such Distributions to Holders of Disputed Claims if such Claims were Allowed, with any Disputed Claims that are unliquidated or contingent being reserved in an amount reasonably determined by the Liquidating Trustee. Cash retained on account of such Disputed Claims shall be retained in the Disputed Claims Reserve for the benefit of the Holders of Disputed Claims pending a determination of their entitlement thereto under the terms of the Plan.  The Liquidating Trustee may treat the Disputed Claims Reserve as a Disputed Ownership Fund within the meaning of Treasury Reg. § 1.468B-9.

(e) <u>Professional Fee Escrow</u>.  On the Effective Date, the Liquidating Trustee shall establish or maintain, as applicable, the Professional Fee Escrow as well as any other funds set aside form Professional Fee Administrative Claims under the Confirmation Order or other Final Order, which shall only be used to pay Professional Fee Administrative Claims unless and until all Professional Fee Administrative Claims have been paid in full, otherwise satisfied, or withdrawn.

(f) <u>No Distributions of Less Than $50 On Account of Allowed General Unsecured Claims</u>.  Notwithstanding anything to the contrary in the Plan, if a Distribution to to be received by the Holder of an Allowed General Unsecured Claim would be less than $50, no such payment will be made to such Holder.  Notwithstanding anything herein or in the Plan to the contrary, this Section 2.3(f) shall not apply to Liquidating Trust Operating Expenses or unpaid Allowed Professional Fee Administrative Claims.

(g) <u>Inapplicability of Unclaimed Property or Escheat Laws</u>.  Unclaimed property held by the Trust shall not be subject to the unclaimed property or escheat laws of the United States, any state, or any local governmental unit.

7

(h)     Voided Checks; Request for Reissuance. Distribution checks issued to Beneficiaries shall be null and void if not negotiated within ninety (90) days after the date of issuance thereof. Requests for reissuance of any check shall be made in writing directly to the Liquidating Trustee by the Beneficiary that was originally issued such check. Distributions in respect of voided checks shall be forfeited.

2.4     Limitations on Investment Powers of Liquidating Trustee. Funds in the Liquidating Trust shall be invested in demand and time deposits in banks or other savings institutions, or in other temporary, liquid investments, such as Treasury bills, consistent with the liquidity needs of the Liquidating Trust as determined by the Liquidating Trustee and the Trust Oversight Committee, in accordance with section 345 of the Bankruptcy Code, unless the Bankruptcy Court otherwise requires; provided, however, that such investments are investments permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable IRS guidelines, rulings or other controlling authorities.

2.5     Liability of Liquidating Trustee.

(a)     Standard of Care. Except in the case of bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud or self-dealing, or in the case of an attorney professional and as required under Rule 1.8(h)(1) of the Delaware Lawyers' Rules of Professional Conduct, malpractice, the Liquidating Trustee shall not be liable for any loss or damage by reason of any action taken or omitted by him or her pursuant to the discretion, powers and authority conferred, or in good faith believed by the Liquidating Trustee to be conferred, on the Liquidating Trustee by this Agreement or the Plan.

(b)     No Liability for Acts of Predecessors. No successor Liquidating Trustee shall be in any way responsible for the acts or omissions of any Liquidating Trustee in office prior to the date on which such successor becomes the Liquidating Trustee, unless a successor Liquidating Trustee expressly assumes such responsibility.

(c)     No Implied Obligations. The Liquidating Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement against the Liquidating Trustee.

(d)     No Liability for Good Faith Error of Judgment. The Liquidating Trustee shall not be liable for any error of judgment made in good faith, unless it shall be proved that the Liquidating Trustee was grossly negligent in ascertaining the pertinent facts.

(e)     Reliance by Liquidating Trustee on Documents or Advice of Counsel or Other Persons. Except as otherwise provided herein, the Liquidating Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document believed by the Liquidating Trustee to be genuine and to have been signed or presented by the proper party or parties. The Liquidating Trustee also may engage and consult with legal counsel, accountants and other professionals for the Liquidating Trust and other agents and advisors and shall not be liable for any action taken or

suffered by the Liquidating Trustee in reliance upon the advice of such counsel, agents or advisors. The Liquidating Trustee or the Trust Oversight Committee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Liquidating Trust Assets.

(f)  No Personal Obligation for Trust Liabilities. Persons dealing with the Liquidating Trustee, or seeking to assert Claims against the Debtors or the Liquidating Trust, shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trustee to any such Person in carrying out the terms of this Agreement, and the neither the Liquidating Trustee nor his or her company or organization shall have a personal or individual obligation to satisfy any such liability.

2.6  Selection of Agents. Following consultation with and approval by the Trust Oversight Committee, the Liquidating Trustee may engage any employee of the Debtors or other persons, and also may engage or retain brokers, banks, custodians, investment and financial advisors, attorneys, accountants and other advisors and agents (including professionals formerly or currently retained by the Committee, Trust Oversight Committee, or the Debtors), in each case without Bankruptcy Court approval. The Liquidating Trustee may pay the salaries, fees and expenses of such Persons from amounts in the Liquidating Trust Operating Expenses Reserve, or, if such amounts are insufficient therefor, out of the Liquidating Trust Assets or proceeds thereof. In addition, the parties acknowledge that Liquidating Trust Assets may be advanced to satisfy such salaries, fees and expenses. The Liquidating Trustee shall not be liable for any loss to the Liquidating Trust or any person interested therein by reason of any mistake or default of any such Person referred to in this Section 2.6 selected by the Liquidating Trustee in good faith and without either gross negligence or intentional malfeasance.

2.7  Liquidating Trustee's Compensation, Indemnification and Reimbursement.

(a)  As compensation for services in the administration of this Liquidating Trust, the Liquidating Trustee shall be compensated as specified on **Schedule A** attached hereto. The Liquidating Trustee shall also be reimbursed for all documented actual, reasonable and necessary out-of-pocket expenses incurred in the performance of his or her duties hereunder.

(b)  In addition, the Liquidating Trustee shall be indemnified by and receive reimbursement from the Liquidating Trust Assets against and from any and all loss, liability, expense (including reasonable attorneys' fees), or damage which the Liquidating Trustee incurs or sustains, in good faith and without either gross negligence or intentional malfeasance, acting as Liquidating Trustee under or in connection with this Agreement.

(c)  The Liquidating Trustee is authorized to use Liquidating Trust Assets to obtain all reasonable insurance coverage for himself/herself, his/her agents, representatives, employees or independent contractors, including, without limitation, coverage with respect to the liabilities, duties and obligations of the Liquidating Trustee and his/her agents, representatives, employees or independent contractors under the Plan and this Agreement.

2.8  Tax Provisions.

(a) It is intended that the Liquidating Trust qualify as a grantor trust for federal income tax purposes, and that the Beneficiaries are treated as grantors. As described more fully in the Plan and the Disclosure Statement, the transfer of the Liquidating Trust Assets will be treated for federal income tax purposes as a transfer to the Beneficiaries, followed by a deemed transfer from such Beneficiaries to the Liquidating Trust, *provided, however*, that the Liquidating Trust Assets will be subject to any post-Effective Date obligations incurred by the Liquidating Trust relating to the pursuit of Liquidating Trust Assets. Accordingly, the Beneficiaries shall be treated for United States federal income tax purposes as the grantors and owners of their respective share of the Liquidating Trust Assets. The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes. Subject to Article XIVof the Plan, all items of income, gain, loss, deduction and credit will be included in the income of the Beneficiaries as if such items had been recognized directly by the Beneficiaries in the proportions in which they own beneficial interests in the Liquidating Trust.

(b) The Liquidating Trustee shall comply with all tax reporting requirements and, in connection therewith, the Liquidating Trustee may require Beneficiaries to provide certain tax information as a condition to receipt of Distributions, including, without limitation, filing returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation § 1.671-4(a)

(c)

(i) The Liquidating Trustee will file returns for the Liquidating Trust as a grantor trust.

(ii) Except to the extent definitive guidance from the Internal Revenue Service or a court of competent jurisdiction (including the issuance of applicable Treasury Regulations or the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one) indicates that such valuation is not necessary to maintain the treatment of the Liquidating Trust as a liquidating trust for purposes of the Internal Revenue Code and applicable Treasury Regulations, the Liquidating Trustee shall make a good faith valuation of the Liquidating Trust Assets. Such valuation may be made available from time to time to all parties to the Liquidating Trust Agreement and to all Beneficiaries, to the extent relevant to such parties for tax purposes, and shall be used consistently by such parties for all United States federal income tax purposes.

(iii) In accordance with the provisions of the Internal Revenue Code, the Liquidating Trustee shall cause to be prepared, at the cost and expense of the Liquidating Trust, the corporate income tax returns (federal, state and local) that the Debtors are required to file (to the extent such returns have not already been filed by the Effective Date). The Liquidating Trustee shall timely file each such tax return with the appropriate taxing authority and shall pay out of the Liquidating Trust Assets all taxes due with respect to the period covered by each such tax return.

(d) <u>Attribution of Income</u>. Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Liquidating Trustee of a private letter ruling

10

if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidating Trustee), attribution of Liquidating Trust taxable income or loss shall be by reference to the manner in which any economic gain or loss would be borne immediately after a hypothetical liquidating distribution of the remaining Liquidating Trust Assets. The tax book value of the Liquidating Trust Assets for purpose of this paragraph shall equal their fair market value on the date the Liquidating Trust Assets are transferred to the Liquidating Trust, adjusted in accordance with tax accounting principles prescribed by the Internal Revenue Code, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

(e)     Current Basis.  All income of the Liquidating Trust will be subject to tax on a current basis.

(f)     Withholding.  The Liquidating Trustee may withhold from the amount distributable from the Liquidating Trust at any time to any Beneficiary such sum or sums as may be sufficient to pay any tax or taxes or other charge or charges which have been or may be imposed on such Beneficiary or upon the Liquidating Trust with respect to the amount distributable or to be distributed under the income tax laws of the United States or of any state or political subdivision or entity by reason of any Distribution provided for by any law, regulation, rule, ruling, directive, or other governmental requirement. Any tax withheld shall be treated as distributed to the Beneficiary for purposes of this Agreement.

(g)     Tax Identification Numbers.  The Liquidating Trustee may require any Beneficiary to furnish to the Liquidating Trustee its Employer or Taxpayer Identification Number as assigned by the Internal Revenue Service or certify to the Liquidating Trustee's satisfaction that Distributions to the Beneficiary are exempt from backup withholding. The Liquidating Trustee may condition any Distribution to any Beneficiary upon receipt of such identification number. If a Holder of a General Unsecured Claim does not provide the appropriate Form W-8 or Form W-9 within one hundred twenty (120) days of the request by the Liquidating Trustee, then such Holder shall be deemed to have forfeited its right to any reserved or future Distributions from the Liquidating Trust, any Liquidating Trust Interests held by such Holder shall be deemed cancelled, and the Claims of such Holder shall be forever expunged and barred.

(h)     Annual Statements.  The Liquidating Trustee shall annually (for tax years in which Distributions from the Liquidating Trust are made) send to each Beneficiary a separate statement setting forth the Beneficiary's share of items of income, gain, loss, deduction or credit and all such holders shall report such items on their federal income tax returns.

(i)     Notices.  The Liquidating Trustee shall distribute such notices to the Beneficiaries as the Liquidating Trustee determines are necessary or desirable.

(j)     Expedited Determination.  The Liquidating Trustee may request an expedited determination of taxes of the Debtors or of the Liquidating Trust under Bankruptcy Code section 505(b) for all tax returns filed for, or on behalf of, the Debtors and the Liquidating Trust for all taxable periods through the dissolution of the Liquidating Trust.

2.9     Conflicting Claims.  If the Liquidating Trustee becomes aware of any disagreement or conflicting Claims with respect to the Liquidating Trust Assets, or is in good faith doubt as to any action that should be taken under this Agreement, the Liquidating Trustee may take any or all of the following actions as reasonably appropriate:

(i)     to the extent of such disagreement or conflict, or to the extent deemed by the Liquidating Trustee necessary or appropriate in light of such disagreement or conflict, withhold or stop all further performance under this Agreement with respect to the matter of such dispute (except, in all cases, the safekeeping of the Liquidating Trust Assets) until the Liquidating Trustee is reasonably satisfied that such disagreement or conflicting Claims have been fully resolved; or

(ii)    file a suit in interpleader or in the nature of interpleader in the Bankruptcy Court (or any other court of competent jurisdiction) and obtain an order requiring all Persons involved to litigate in the Bankruptcy Court or such other court of competent jurisdiction their respective Claims arising out of or in connection with this Agreement; or

(iii)   file any other appropriate motion for relief in the Bankruptcy Court (or any other court of competent jurisdiction).

2.10    Records of Liquidating Trustee.  The Liquidating Trustee shall maintain accurate records of receipts and disbursements and other activity of the Liquidating Trust, and duly authorized representatives of the Trust Oversight Committee shall have reasonable access to the records of the Liquidating Trust.  On or after 90 days from the Effective Date, the books and records maintained by the Liquidating Trustee, as well as any and all other books and records of the Debtors, may be disposed of by the Liquidating Trustee, without notice or a filing with the Bankruptcy Court, at such time as the Liquidating Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Liquidating Trust or its beneficiaries, or upon the termination of the Liquidating Trust, provided, however, that the Liquidating Trustee shall not dispose or abandon any books and records that are reasonably likely to pertain to pending litigation in which the Debtors or their current or former officers or directors are a party, U.S. Litigation Claims or Claims without further order of the Bankruptcy Court.

2.11    Evidence of Beneficial Interest.  Ownership of a beneficial interest in the Liquidating Trust Assets shall not be evidenced by any certificate, security or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidating Trust by the Liquidating Trustee.

**III     RIGHTS, POWERS AND DUTIES OF BENEFICIARIES.**

3.1     Interests of Beneficiaries.  The Beneficiaries shall have beneficial interests in the Liquidating Trust Assets as provided in the Plan.  The Beneficiaries' proportionate interests in the Liquidating Trust Assets as thus determined shall be not be transferable, assignable, pledged or hypothecated, in whole or in part, except upon the death of the Beneficiary or the operation of law.

      3.2    <u>Interests Beneficial Only</u>.  The ownership of a beneficial interest hereunder shall not entitle any Beneficiary to any title in or to the Liquidating Trust Assets as such (which title shall be vested in the Liquidating Trustee) or to any right to call for a partition or division of Liquidating Trust Assets or to require an accounting.

      3.3    <u>No Right to Accounting</u>.  None of the Beneficiaries, their successors, assigns or creditors, or any other Person shall have any right to an accounting by the Liquidating Trustee, and the Liquidating Trustee shall not be obligated to provide any accounting to any Person. Nothing in this Agreement is intended to require the Liquidating Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust or as a condition for making any advance, payment or Distribution out of proceeds of Liquidating Trust Assets.

**IV    AMENDMENT OF TRUST OR CHANGE IN LIQUIDATING TRUSTEE.**

      4.1    <u>Resignation of the Liquidating Trustee</u>.  The Liquidating Trustee may resign by an instrument in writing signed by the Liquidating Trustee and filed with the Bankruptcy Court with notice to the Trust Oversight Committee and the U.S. Trustee, provided that the Liquidating Trustee shall continue to serve as such after his or her resignation for thirty (30) days or, if longer, until the time when appointment of his or her successor shall become effective in accordance with Section 4.3 hereof, or as otherwise agreed with the Trust Oversight Committee.

      4.2    <u>Removal of the Liquidating Trustee</u>.  The Trust Oversight Committee may remove the Liquidating Trustee with or without cause at any time.  Such removal shall be effective (10) days after the Trust Oversight Committee provides written notice to the Liquidating Trustee and the U.S. Trustee.  Upon removal of the Liquidating Trustee by the Trust Oversight Committee in accordance with this Section 4.2 other than for cause, the Liquidating Trustee shall be entitled to all compensation that has accrued through the effective date of termination but remains unpaid as of such date, which payment shall be made promptly from the Liquidating Trust Operating Expenses Reserve.  For the purposes of this Agreement, "cause" shall mean:  (a) the willful and continued refusal by the Liquidating Trustee to perform his or her duties as set forth herein; (b) gross negligence, gross misconduct, fraud, embezzlement or theft; or (c) such other cause as the Trust Oversight Committee shall in good faith determine.

      4.3    <u>Appointment of Successor Liquidating Trustee</u>.  In the event of the death, resignation, termination, incompetence or removal of the Liquidating Trustee, the Trust Oversight Committee may appoint a successor Liquidating Trustee without the approval of the Bankruptcy Court, which the parties acknowledge shall nevertheless retain jurisdiction to resolve any disputes in connection with the service of the Liquidating Trustee or his/her successor.  If the Trust Oversight Committee fails to appoint a successor Liquidating Trustee within 30 days of the occurrence of a vacancy, any Beneficiary, any Debtor still existing, or the outgoing Liquidating Trustee may petition the Bankruptcy Court for such appointment.  Every successor Liquidating Trustee appointed hereunder shall execute, acknowledge and file with the Bankruptcy Court and delivery to the predecessor Liquidating Trustee (if practicable), with notice to the Trust Oversight Committee and the U.S. Trustee, an instrument accepting such appointment and the terms and provisions of this Agreement, and thereupon such successor Liquidating Trustee,

without any further act, deed or conveyance, shall become vested with all the rights, powers and duties of the retiring Liquidating Trustee.

4.4     Continuity.  Unless otherwise ordered by the Bankruptcy Court, the death, resignation, incompetence or removal of the Liquidating Trustee shall not operate to terminate or to remove any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Liquidating Trustee.  In the event of the resignation or removal of the Liquidating Trustee, the Liquidating Trustee shall promptly execute and deliver such documents, instruments, final reports, and other writings as may be reasonably requested from time to time by the Trust Oversight Committee or the successor Liquidating Trustee.

4.5     Amendment of Agreement.  This Agreement may be amended, modified, terminated, revoked or altered only upon: (a) order of the Bankruptcy Court; or (b) agreement of the Liquidating Trustee and the Trust Oversight Committee, provided, however, that any such amendment, modification, termination, revocation or alteration is consistent with the terms of the Plan and the Plan Confirmation Order.

## V     TERMINATION OF LIQUIDATING TRUST

The Liquidating Trustee shall be discharged and the Liquidating Trust shall be terminated, at such time as:  (a) all Disputed Claims have been resolved; (b) all duties and obligations of the Liquidating Trustee under this Agreement have been fulfilled; (c) all Distributions required under the Plan and this Agreement have been made; and (d) the Debtors' Chapter 11 Cases have been closed; provided, however, that in no event shall the Liquidating Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion within the six-month period prior to the fifth anniversary (or the end of any extension period approved by the Bankruptcy Court), determines that a fixed period extension not to exceed one (1) year is necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets.  Upon dissolution of the Liquidating Trust, any remaining Liquidating Trust Assets that exceed the amounts required to be paid under the Plan may be transferred by the Liquidating Trustee to a charitable organization(s).

## VI     RETENTION OF JURISDICTION

Subject to the following sentence, the Bankruptcy Court shall have exclusive jurisdiction over the Liquidating Trust, the Liquidating Trustee and the Liquidating Trust Assets as provided in the Plan, including, without limitation, the determination of all controversies and disputes arising under or in connection with the Liquidating Trust or this Agreement.  However, if the Bankruptcy Court abstains or declines to exercise such jurisdiction or is without jurisdiction under applicable law, any other court of competent jurisdiction may adjudicate any such matter.  All Beneficiaries consent to the jurisdiction of the United States District Court for the District of Delaware and the state courts sitting in Wilmington, Delaware, over all disputes related to this Agreement.

## VII  MISCELLANEOUS

7.1  <u>Applicable Law</u>.  The Liquidating Trust created by this Agreement shall be construed in accordance with and governed by the laws of the State of Delaware without giving effect to principles of conflict of laws, but subject to any applicable federal law.

7.2  <u>Waiver</u>.  No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

7.3  <u>Relationship Created</u>.  Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership or joint venture of any kind.

7.4  <u>Interpretation</u>.  Section and paragraph headings contained in this Agreement are for convenience of reference only and shall not affect the meaning or interpretation of any provision hereof.

7.5  <u>Savings Clause</u>.  If any clause or provision of this Agreement shall for any reason be held invalid or unenforceable by the Bankruptcy Court, such invalidity or unenforceability shall not affect any other clause or provision hereof, but this Agreement shall be construed, insofar as reasonable to effectuate the purpose hereof, as if such invalid or unenforceable provision had never been contained herein.

7.6  <u>Entire Agreement</u>.  This Agreement and the Plan constitute the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations with respect to the subject matter hereof except as set forth herein or therein.  This Agreement together with the Plan supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to such subject matter.  Except as otherwise authorized by the Bankruptcy Court or specifically provided in this Agreement or in the Plan, nothing in this Agreement is intended or shall be construed to confer upon or to give any Person other than the parties hereto, the Trust Oversight Committee, and the Beneficiaries any rights or remedies under or by reason of this Agreement.

7.7  <u>Counterparts</u>.  This Agreement may be executed by facsimile or electronic transmission and in counterparts, each of which when so executed and delivered shall be an original document, but all of which counterparts shall together constitute one and the same instrument.

7.8  <u>Notices</u>.

(a)  All notices, requests or other communications required or permitted to be made in accordance with this Agreement shall be in writing and shall be deemed given five Business Days after first-class mailing, one Business Day after sending by overnight courier, or on the first Business Day after facsimile or electronic transmission.

(i)  if to the Liquidating Trustee:

[_____]

15

        (ii)    if to the Trust Oversight Committee:

        [_____]

        (iii)    if to any Beneficiary, to such address as such Beneficiary shall have furnished to the Debtors in writing prior to the Effective Date.

    (b)    Any Person may change the address at which it is to receive notices under this Agreement by furnishing written notice to the Liquidating Trustee in the same manner as above.

    7.9    <u>Effective Date</u>.  This Agreement shall become effective as of the Effective Date.

    7.10    <u>Successors and Assigns</u>.  This Agreement shall be binding upon each of the parties hereto and their respective successors and assigns and shall inure to the benefit of the parties, the Trust Oversight Committee, the Beneficiaries and, subject to the provisions hereof, their respective successors and assigns.

    7.11    <u>Conflict with the Plan</u>.  In the event of any conflict between the terms of this Agreement and the Plan, the terms of the Plan shall govern.

***SIGNATURE PAGE FOLLOWS***

IN WITNESS WHEREOF the undersigned have caused this Agreement to be executed as of the day and year first above written.

**The Relay Shoe Company, LLC (f/k/a The Rockport Company, LLC), Relay Blocker, LLC (f/k/a Rockport Blocker, LLC), The Relay Group Holdings, LLC (f/k/a The Rockport Group Holdings, LLC), Relay 1-P Holdings, LLC (f/k/a TRG 1-P Holdings, LLC), Relay Intermediate Holdings, LLC (f/k/a TRG Intermediate Holdings, LLC), Relay Class D, LLC (f/k/a TRG Class D, LLC), The Relay Group, LLC (f/k/a The Rockport Group, LLC), The Relay Company, LLC (f/k/a The Rockport Company, LLC), Drydock Footwear, LLC, and DD Management Services LLC**

By:_____
Name:
Title:


**Liquidating Trustee**


By:_____
Name:
Title:  Liquidating Trustee of Relay Shoe Liquidating Trust


**Official Committee of Unsecured Creditors of the Debtors**


By:_____
Name:

17

# SCHEDULE A

## TERMS OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LIQUIDATING TRUSTEE

**1.     COMPENSATION**

To be agreed upon by the Trust Oversight Committee and Liquidating Trustee.

**2.     REIMBURSEMENT OF EXPENSES**

The Liquidating Trustee shall be entitled to reimbursement for documented actual and reasonable expenses incurred in performing his or her duties as the Liquidating Trustee, and may submit a report of quarterly expenses, if any, with each quarterly report provided to the Trust Oversight Committee under this Agreement.