# EXHIBIT D

**Draft of Rockport Canada Plan Administrator Agreement**

DRAFT

# ROCKPORT CANADA PLAN ADMINISTRATOR AGREEMENT

This Rockport Canada Plan Administrator Agreement (the "**Agreement**") is made as of _____ ___, 2018, by and among Relay Opco Canada ULC (f/k/a Rockport Canada ULC) ("**Rockport Canada**"), and Richter Advisory Group Inc. (the "**Rockport Canada Plan Administrator**," and together with Rockport Canada, the "**Parties**") pursuant to the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. ___], as amended from time to time (the "**Plan**").  Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Plan.

## RECITALS

WHEREAS, on May 14, 2018, Rockport Canada and certain of its affiliates (collectively, the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

WHEREAS, on May 16, 2018, debtor Relay Blocker, LLC (f/k/a Rockport Blocker, LLC), as foreign representative of itself and the other Debtors, obtained an order from the Ontario Superior Court of Justice (Commercial List), recognizing the Chapter 11 Cases as a "foreign main proceeding" under the *Companies' Creditors Arrangement Act* (Canada) R.S.C. 1985, c. C-36, as amended and grating certain related relief;

WHEREAS, on November __, 2018, the Debtors filed with the Bankruptcy Court the Plan;

WHEREAS, by order dated November __, 2018, the Bankruptcy Court entered an order [Docket. No. ___] (the "**Confirmation Order**") confirming and approving on a final basis the Plan; and

WHEREAS, under the terms of the Plan and the Confirmation Order, the Rockport Canada Plan Administrator will be the representative of Rockport Canada and its Estate from and after the Effective Date for purposes of administering and consummating the Plan on behalf of Rockport Canada.

NOW, THEREFORE, in consideration of the premises, the mutual agreements of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

# ARTICLE I
# THE ROCKPORT CANADA PLAN ADMINISTRATOR

**1.1  Appointment.** The Rockport Canada Plan Administrator has been designated by Rockport Canada, pursuant to Section 9(a) of the Plan, as representative of Rockport Canada and its Estate from and after the Effective Date for purposes of administering and consummating the Plan on behalf of Rockport Canada as provided therein.

**1.2  General Duties and Powers.**

(a)  Pursuant to Section 9(d) of the Plan, the Rockport Canada Plan Administrator shall have all rights, powers, and duties necessary to carry out its responsibilities under the Plan; provided, however, that nothing in this Agreement shall be deemed to prevent the Rockport Canada Plan Administrator from taking, or refrain from taking, any action that, based upon the advice of counsel, it determines it is obligated to take (or must refrain from taking) in the performance of any fiduciary or similar duty which the Rockport Canada Plan Administrator owes to any other person or entity.

(b)  The rights, powers and duties, which shall be exercisable by the Rockport Canada Plan Administrator on behalf of Rockport Canada and its Estate, shall include, among others:

(i)  receiving and administering the Rockport Canada Fund and taking all steps and executing all instruments and documents necessary to effectuate the Plan;

(ii)  resolving all Disputed Claims and any Claim objections with respect to Rockport Canada pending as of the Effective Date, including the power to object to Claims against Rockport Canada, and to subordinate and recharacterize Claims against Rockport Canada by objection, motion, or adversary proceeding;

(iii)  settling, without further order of the Bankruptcy Court, all Claims and any Claim objections with respect to Rockport Canada pending as of the Effective Date;

(iv)  seeking estimation of contingent or unliquidated Claims, under section 502(c) of the Bankruptcy Code;

(v)  calculating and making Distributions to Holders of Allowed Claims against Rockport Canada as provided for in the Plan and this Agreement;

(vi)  paying any and all Allowed Rockport Canada Professional Fee Claims incurred after the Closing Date and any and all unpaid postpetition claims of the Information Officer and its professionals;

(vii)  investigating, prosecuting, compromising, or settling, in accordance with the specific terms of the Rockport Canada Plan Administrator Agreement and without further order of the Bankruptcy Court, the Rockport Canada Litigation Claims;

     (viii) making decisions regarding the retention, engagement, payment, and replacement of professionals, employees, and consultants retained to assist the Rockport Canada Plan Administrator in administering the Plan with respect to Rockport Canada;

     (ix) undertaking administrative functions of Rockport Canada, including payment of Statutory Fees incurred post-Effective Date with respect to Rockport Canada and the ultimate closing of the Chapter 11 Case of Rockport Canada; and

     (x) taking such other action as may be vested in or assumed by Rockport Canada consistent with the Plan, this Agreement, and any applicable Orders of the Bankruptcy Court, or as may be necessary and proper to carry out the provisions of the Plan.

Except as expressly set forth in the Plan and this Agreement, the Rockport Canada Plan Administrator shall have absolute discretion to pursue or not to pursue any Rockport Canada Litigation Claims as he/she/it determines is in the best interests of the Holders of Allowed Claims against Rockport Canada, and shall be indemnified to the fullest extent permitted under applicable law by Rockport Canada for the outcome of his, her, or its decisions, other than those decisions found by a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from fraud, gross negligence, willful misconduct, bad faith or self-dealing.  The Rockport Canada Plan Administrator shall have authority, power, and right to assert, prosecute, and/or settle the Rockport Canada Litigation Claims on behalf of Rockport Canada, including, making a claim under Insurance Policies based upon its powers as a bankruptcy-appointed representative of the Rockport Canada's Estate with the same or similar abilities possessed by insolvency trustees, receivers, examiners, conservators, liquidators, rehabilitators, or similar officials.

  **1.3** **Compensation of the Rockport Canada Plan Administrator.** The Rockport Canada Plan Administrator shall be compensated from the Rockport Canada Fund.  The payment of the reasonable fees and expenses of the Rockport Canada Plan Administrator shall be made in the ordinary course of business and shall not be subject to the approval of the Bankruptcy Court; provided, however, that any disputes related to such fees and expenses may be brought before the Bankruptcy Court.  Payment of the Rockport Canada Plan Administrator's fees and costs may be paid prior to calculating and making Distributions to Holders of Allowed Claims against Rockport Canada.

  **1.4** **Retention of Professionals.** The Rockport Canada Plan Administrator may, without application to or approval by the Bankruptcy Court, retain professionals and pay reasonable, documented professional fees and out-of-pocket expenses in connection with services rendered on behalf of the Rockport Canada Plan Administrator in executing its powers under the Plan from the Rockport Canada Fund.  The payment of the reasonable fees and expenses of the Rockport Canada Plan Administrator's professionals shall be made in the ordinary course of business and shall not be subject to the approval of the Bankruptcy Court; provided, however, that any disputes related to such fees and expenses may be brought before the Bankruptcy Court.  Payment of the Rockport Canada Plan Administrator's professionals'

fees and costs may be paid prior to calculating and making Distributions to Holders of Allowed Claims against Rockport Canada.

      **1.5**    **Resignation or Death of the Rockport Canada Plan Administrator**. In the event of the resignation, death or incapacity of the Rockport Canada Plan Administrator, counsel to Rockport Canada shall designate another Person or Entity to serve as the Rockport Canada Plan Administrator within thirty (30) days of such event, as such time may be extended for cause, and thereupon the successor Rockport Canada Plan Administrator, without any further act or need for an order of the Bankruptcy Court, shall become fully vested with all of the rights, powers, duties and obligations of the predecessor; provided, however, that the Rockport Canada Plan Administrator shall be deemed removed on the date the Chapter 11 Case of Rockport Canada is closed, and no successor thereto shall be designated.

      **1.6**    **Continuity**. Unless otherwise ordered by the Bankruptcy Court, the death, resignation, or removal of the Rockport Canada Plan Administrator shall not operate to terminate any agency or employment created by this Agreement or invalidate any action theretofore taken by the Rockport Canada Plan Administrator. In the event of the resignation of the Rockport Canada Plan Administrator, such Rockport Canada Plan Administrator shall (a) execute and deliver by the effective date of resignation or removal such documents, instruments, and other writings as may be reasonably required to effect the termination of the Rockport Canada Plan Administrator's capacity under this Agreement and (b) assist and cooperate in effecting the assumption of such Rockport Canada Plan Administrator's obligations and functions by the successor Rockport Canada Plan Administrator.

      **1.7**    **No Agency Relationship, Limitation of Liability of Plan Administrator, Indemnification, and Insurance**.

          (a)    The Rockport Canada Plan Administrator and its agents shall not be deemed to be the agent for any of the holders of Claims in connection with the Cash held or distributed pursuant to the Plan.

          (b)    The Rockport Canada Plan Administrator and its agents shall not be liable for any mistake of fact or law or error of judgment or any act or omission of any kind unless it has been found by a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from actual fraud, gross negligence, or willful misconduct.

          (c)    In accordance with Section 9(f) of the Plan, Rockport Canada shall indemnify the Rockport Canada Plan Administrator and its professionals against any losses, liabilities, expenses (including attorneys' fees and disbursements), damages, taxes, suits, or claims that the Rockport Canada Plan Administrator or its professionals may incur or sustain by reason of being or having been the Rockport Canada Plan Administrator or professionals of the Rockport Canada Plan Administrator for performing any functions incidental to such service; provided, however, the foregoing shall not relieve the Rockport Canada Plan Administrator or its professionals from liability found by a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from bad faith, willful misconduct, reckless disregard of duty, criminal conduct, gross negligence, fraud, or self-dealing, or, in the case of an attorney professional and, as required under Rule 1.8(h)(1) of the Delaware

4

Layers' Rules of Professional Conduct, malpractice. The indemnification provisions of this Agreement shall remain available to and be binding upon any former Rockport Canada Plan Administrator or the estate of any decedent of the Rockport Canada Plan Administrator and shall survive the termination of the Rockport Canada Plan Administrator Agreement.

   **1.8**  **Exculpation**. Except as otherwise specifically provided in the Plan, neither the Rockport Canada Plan Administrator, nor any director, officer, affiliate, employee, employer, professional, successors, assigns, agent, or representative of the Rockport Canada Plan Administrator (each, a "**Rockport Canada Plan Administrator Exculpated Party**" and collectively, the "**Rockport Canada Plan Administrator Exculpated Parties**") shall be liable for any claims, suits, liabilities, actions, proceedings, obligations, debts, damages, losses, costs, expenses, fines, interest, penalties, assessments, demands, charges, fees, judgments, awards, disbursements and amounts paid in settlement, punitive damages, foreseeable and unforeseeable damages, incidental or consequential damages, of whatever kind or nature (including reasonable attorneys' fees and other costs of defense and disbursements) (collectively, "**Losses**"), whether or not in connection with litigation in which any Rockport Canada Plan Administrator Exculpated Party is a party, or enforcing this Agreement (including these exculpation provisions), as and when imposed on such Rockport Canada Plan Administrator Exculpated Party, incurred, caused by, relating to, based upon or arising out of (directly or indirectly) any of the Rockport Canada Plan Administrator's execution, delivery, and acceptance of or the performance or nonperformance of its powers, duties and obligations under this Agreement or as may arise by reason of any action, omission, or error of a Rockport Canada Plan Administrator Exculpated Party; _provided_, _however_, that the foregoing limitation shall not apply to any Losses suffered or incurred by any holder of a Claim that are found by a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from actual fraud, gross negligence, or willful misconduct of such Rockport Canada Plan Administrator Exculpated Party. Every act taken or omitted, power exercised, or obligation assumed by Rockport Canada, its Estate or any Rockport Canada Plan Administrator Exculpated Party pursuant to the provisions of this Agreement shall be held to be taken or omitted, exercised, or assumed, as the case may be, by Rockport Canada, its Estate or any Rockport Canada Plan Administrator Exculpated Party acting for and on behalf of their Estates and not otherwise; _provided_, _however_, that none of the foregoing entities or persons are deemed to be responsible for any other such entities' or persons' actions or inactions. Except as provided in the first proviso of the first sentence of this Section 1.7, every person, firm, corporation, or other entity contracting or otherwise dealing with or having any relationship with Rockport Canada, its Estate or any Rockport Canada Plan Administrator Exculpated Party on behalf of Rockport Canada or its Estate shall have recourse only to Rockport Canada and/or its Estate's assets for payment of any liabilities or other obligations arising in connection with such contracts, dealings or relationships and Rockport Canada, its Estate and the Rockport Canada Plan Administrator Exculpated Parties shall not be individually liable therefor.

   **1.9**  **No Liability for Acts of Successor/Predecessor Plan Administrators.** Upon the appointment of a successor Rockport Canada Plan Administrator and the delivery of Rockport Canada's assets to the successor Rockport Canada Plan Administrator, the predecessor Rockport Canada Plan Administrator and any director, officer, affiliate, employee, employer, professional, agent, or representative of the predecessor Rockport Canada Plan Administrator shall have no further liability or responsibility with respect thereto. A successor Rockport Canada Plan

Administrator shall have no duty to examine or inquire into the acts or omissions of its immediate or remote predecessor and no successor Rockport Canada Plan Administrator shall be in any way liable for the acts or omissions of any predecessor Rockport Canada Plan Administrator unless a successor expressly assumes such responsibility. A predecessor Rockport Canada Plan Administrator shall have no liability for the acts or omissions of any immediate or subsequent successor Rockport Canada Plan Administrator for any events or occurrences subsequent to the cessation of its role as Rockport Canada Plan Administrator.

**1.10    Reliance on Documents or Advice of Counsel.**  Except as otherwise provided in this Agreement, the Rockport Canada Plan Administrator, and any director, officer, affiliate, employee, employer, professional, agent, or representative of the Rockport Canada Plan Administrator may rely, and shall be protected from liability for acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by such party to be genuine and to have been presented by the proper party.  The Rockport Canada Plan Administrator may rely upon written information previously generated by, or at the direction of, Rockport Canada, including without limitation, the claims register maintained by Prime Clerk LLC in the Chapter 11 Cases.  The Rockport Canada Plan Administrator shall not be liable for any action taken or not taken by the Rockport Canada Plan Administrator in good faith and in reasonable reliance upon the advice of counsel or other professionals engaged by the Rockport Canada Plan Administrator in accordance with this Agreement and the Plan.  The Rockport Canada Plan Administrator shall be indemnified for or in respect of any action taken, suffered, or omitted by it and in accordance with such advice or opinion as provided in Section 1.6 of this Agreement and the Plan.

**1.11    Rockport Canada Fund**. On or before the Effective Date, the Debtors shall create and fund the Rockport Canada Fund with the Rockport Canada Cash (*i,e.* $6,007,000) from which the Rockport Canada Plan Administrator shall make *pro rata* Distributions, to the extent available, on account of Allowed Claims against Rockport Canada**.**

**1.12    Survival.** The provisions of this Article I shall survive the termination of this Agreement and the death, resignation, liquidation, dissolution, or replacement of the Rockport Canada Plan Administrator.

**ARTICLE II**
**DISPUTED CLAIMS**

**2.1    Authority to Object to Claims and Interests.**  After the Effective Date, only the Rockport Canada Plan Administrator shall have the authority to file objections to Claims or Interests against Rockport Canada and to settle (without further order of the Bankruptcy Court), compromise (without further order of the Bankruptcy Court), withdraw, or litigation to judgment objections to Claims or Interests against Rockport Canada.  Claims against Rockport Canada will be reconciled pursuant to the provisions of the Bankruptcy Code and any other applicable underlying laws.

**2.2    Authority to Settle Disputed Claims.**  From and after the Effective Date, the Rockport Canada Plan Administrator shall be authorized, with respect to those Claims or Interests that are not Allowed under the Plan or by Court order, (i) to object to any Claims or

Interests filed against Rockport Canada and (ii) to compromise and settle Claims and execute necessary documents, including a stipulation of settlement or release on behalf of Rockport Canada, in the Rockport Canada Plan Administrator's sole discretion.

**2.3    Authority to Pursue Rockport Canada Litigation Claims.**  The Rockport Canada Plan Administrator shall be permitted to use any available defenses under section 502 of the Bankruptcy Code, including the assertion of any Rockport Canada Litigation Claim to setoff against or otherwise reduce all or part of any Claim asserted against Rockport Canada.  The Rockport Canada Plan Administrator may enforce, sue on, settle (without further order of the Bankruptcy Court), or compromise (without further order of the Bankruptcy Court) all Rockport Canada Litigation Claims, or may decline to do any of the foregoing with respect to any Rockport Canada Litigation Claims.  The Rockport Canada Plan Administrator may pursue the Rockport Canada Litigation Claims in accordance with applicable law and consistent with the terms of the Plan.  If, as a result of the pursuit of any Rockport Canada Litigation Claims, a Claim would arise from a recovery pursuant to section 550 of the Bankruptcy Code after Distributions under the Plan have been commenced, the Rockport Canada Plan Administrator shall be permitted to reduce the recovery by an amount that reflects the value of the treatment that would have been accorded the Claim under the Plan, thereby effectively treating the Claim through the reduction.

## ARTICLE III
## TERMINATION

**3.1    Termination**.  The Rockport Canada Plan Administrator shall be discharged and this Agreement shall be terminated at the earliest to occur of (i) the entry of a Final Order by the Bankruptcy Court closing the Chapter 11 Case of Rockport Canada pursuant to Section 350(a) of the Bankruptcy Code, and (ii) the date that is five (5) years from the Effective Date, <u>provided</u>, <u>however</u>, that such five-year term may be extended by Order of the Bankruptcy Court.

## ARTICLE IV
## MISCELLANEOUS PROVISIONS

**4.1    Relationship to the Plan.** The principal purpose of this Agreement is to aid in the implementation of the Plan and, therefore, this Agreement incorporates and is subject to the provisions of the Plan.  To that end, the Rockport Canada Plan Administrator shall have full power and authority to take any action consistent with the purposes and provisions of the Plan. In the event that the provisions of this Agreement are found to be inconsistent with the provisions of the Plan, the provisions of this Agreement adopted and approved by the Bankruptcy Court, following substantial consummation (as such term is defined in Section 1101(2) of the Bankruptcy Code) shall control over provisions of the Plan.

**4.2    Distribution Record Date.** For purposes of Distributions on account of Allowed Claims against Rockport Canada, the Distribution Record Date shall be the Effective Date.  After the Effective Date, the Rockport Canada Plan Administrator shall have no duty or obligation to recognize transfers of Claims.

**4.3** **Interim Distributions.** For the avoidance of doubt, the Rockport Canada Plan Administrator may, at its sole discretion, make interim distributions to Holders of Allowed Claims against Rockport Canada.

**4.4** **Confidentiality**. The Rockport Canada Plan Administrator shall, and shall cause its agents and representatives to, during the period that it serves as Rockport Canada Plan Administrator under this Agreement to hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity or matter to which any of the Debtors' assets relates or of which the Rockport Canada Plan Administrator has become aware in its capacity as Rockport Canada Plan Administrator.

**4.5** **Amendments.** The Rockport Canada Plan Administrator may, supplement, or amend this Agreement in its discretion to the extent necessary to fulfill the purposes of this Agreement and the Plan.

**4.6** **Waiver.** No failure by the Rockport Canada Plan Administrator to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

**4.7** **Cumulative Rights and Remedies.** The rights and remedies provided in this Agreement are cumulative and are not exclusive of any rights under law or in equity.

**4.8** **No Bond Required.** Notwithstanding any state law to the contrary, the Rockport Canada Plan Administrator (including any successor Rockport Canada Plan Administrator) shall be exempt from giving any bond or other security in any jurisdiction other than as provided otherwise in this Agreement.

**4.9** **Irrevocability.** This Agreement and the Plan shall be irrevocable, except as otherwise expressly provided in this Agreement and in accordance with the Plan.

**4.10** **Investment of the Rockport Canada Fund.** The Rockport Canada Plan Administrator may invest the Rockport Canada Fund (including any earnings thereon or proceeds therefrom) as permitted by section 345 of the Bankruptcy Code or in other prudent investments. Nothing herein or in the Plan shall require the Rockport Canada Plan Administrator to invest the Rockport Canada Fund.

**4.11** **Tax Identification Numbers.** The Rockport Canada Plan Administrator may require any holder of a Claim to furnish to the Rockport Canada Plan Administrator (i) its social security number, social insurance number, or employer or taxpayer identification number as assigned by the IRS or other applicable taxing authority or government agency and (ii) the original Form W-8 or copy of Form W-9, as applicable, as completed by each holder of a Claim, and the Rockport Canada Plan Administrator may condition any Distribution to any Holder of a Claim upon the receipt of such information.

**4.12** **Applicable Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to rules governing the conflict of laws.

**4.13** **Severability.** In the event that any provision of this Agreement or the application thereof to any person or circumstance shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to persons or circumstance, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Agreement shall be valid and enforced to the fullest extent permitted by law.

**4.14** **Limitation of Benefits.** Except as otherwise specifically provided in this Agreement, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto any rights or remedies under or by reason of this Agreement.

**4.15** **Notices.** All notices, requests, demands, consents, and other communications hereunder shall be in writing and shall be deemed to have been duly given to a person, if delivered in person or by facsimile with an electromagnetic report of delivery or if sent by overnight mail, registered mail, certified mail, or regular mail, with postage prepaid, to the following addresses:

    <u>If to the Rockport Canada Plan Administrator:</u>

    Richter Advisory Group Inc.
    Adam Sherman
    Pritesh Patel
    Richter Advisory Group Inc.
    181 Bay Street, Suite 3320
    Bay Wellington Tower
    Toronto ON  M5J 2T3
    Telephone: (416) 488-2345
    Email: asherman@richter.ca
          ppatel@richter.ca

    With a copy to:

    [_____]

<u>To the Debtors:</u>

Mark D. Collins
Michael J. Merchant
Amanda R. Steele
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Email: collins@rlf.com
       merchant@rlf.com
       steele@rlf.com

**4.16  Further Assurances.** From and after the date hereof, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Agreement, and to consummate the transactions contemplated hereby.

**4.17  Interpretation.** The enumeration and Section headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof. Unless context otherwise requires, whenever used in this Agreement the singular shall include the plural and the plural shall include the singular, and words importing the masculine gender shall include the feminine and the neuter, if appropriate, and vice versa, and words importing persons shall include partnerships, associations, and corporations. The words herein, hereby, and hereunder and words with similar import, refer to this Agreement as a whole and not to any particular Section or subsection hereof unless the context requires otherwise.

**4.18  Counterparts.** This Agreement may be signed by the parties hereto in counterparts, which, when taken together, shall constitute one and the same document. Delivery of an executed counterpart of this Agreement by facsimile or email in pdf format shall be equally effective as delivery of a manually executed counterpart.

**4.19  Retention of Jurisdiction.** As provided in Article XVI of the Plan, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, but not limited to, the interpretation, implementation, and enforcement of the provisions of this Agreement.

*[The remainder of this page is intentionally left blank.]*

IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers or representatives, all as of the date first above written.

**ROCKPORT CANADA PLAN ADMINISTRATOR**

Richter Advisory Group Inc.

_____
Name:
Title:

**ROCKPORT CANADA**

_____
Name: Paul Kosturos
Title: Restructuring Officer of Rockport Canada and its affiliated Debtors