## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: | ) Chapter 11 |
|   | ) |
| THE RELAY SHOE COMPANY, LLC, *et al.*, | ) Case No. 18-11145 (LSS) |
|   | ) |
| Debtors.[1] | ) (Jointly Administered) |
|   | ) |
|   | ) **Hearing Date: January 28, 2019 at 10:00 a.m.** |
|   | ) **Objection Deadline: December 26, 2018 at 4:00 p.m.** |
|   | ) |

### DEBTORS' SECOND MOTION FOR AN ORDER EXTENDING THE EXCLUSIVE PERIODS WITHIN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

The Relay Shoe Company, LLC (f/k/a The Rockport Company, LLC) ("**Rockport**") and certain of its affiliates that are debtors and debtors in possession (collectively, the "**Debtors**") hereby file this motion (the "**Motion**"), pursuant to Section 1121(d) of Title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order, in substantially the form attached hereto as **Exhibit A**, extending the Debtors' exclusive periods to file a chapter 11 plan (the "**Exclusive Filing Period**") by approximately ninety (90) days through and including March 11, 2019 and solicit votes thereon by approximately ninety (90) days through and including May 13, 2019 (the "**Exclusive Solicitation Period**," and together with the Exclusive Filing Period, the "**Exclusive Periods**").  In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The debtors and debtors in possession in these cases and the last four digits of their respective Employer Identification Numbers are: Relay Blocker, LLC (f/k/a Rockport Blocker, LLC) (5097), The Relay Group Holdings, LLC (f/k/a The Rockport Group Holdings, LLC) (3025), Relay 1-P Holdings, LLC (f/k/a TRG 1-P Holdings, LLC) (4756), Relay Intermediate Holdings, LLC (f/k/a TRG Intermediate Holdings, LLC) (8931), Relay Class D, LLC (f/k/a TRG Class D, LLC) (4757), The Relay Group, LLC (f/k/a The Rockport Group, LLC) (5559), The Relay Shoe Company, LLC (f/k/a The Rockport Company, LLC) (5456), Drydock Footwear, LLC (7708), DD Management Services LLC (8274), and Relay Opco Canada ULC (f/k/a Rockport Canada ULC) (3548).  The debtors' mailing address is 1220 Washington Street, West Newton, Massachusetts 02465.

## Jurisdiction

1. This Court has jurisdiction to consider this motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[2]

## Background

**A.    General Background**

2. On May 14, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors have continued in possession of their property and operated and managed their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 48] entered by the Court on May 15, 2018 in each of the Chapter 11 Cases.

4. No request has been made for the appointment of a trustee or examiner. On May 23, 2018, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "**Committee**") [Docket No. 96].

5. Additional information about the Debtors' businesses and affairs, capital structure and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Paul Kosturos in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14], which is incorporated herein by reference.

---

[2] Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

6. Pursuant to Bankruptcy Code Section 1121(b), the original Exclusive Filing Period was set to expire on September 11, 2018 and the Exclusive Solicitation Period was set to expire on November 13, 2018. On September 11, 2018, the Debtors filed a motion seeking extension of the original exclusive periods [Docket No. 489]. On October 1, 2018, the Bankruptcy Court entered an order extending the Exclusive Filing Period from September 11, 2018 through and including December 10, 2018, and the Exclusive Solicitation Period from November 13, 2018 through and including February 11, 2019, without prejudice to the rights of the Debtors to request further extensions of the exclusive periods or to seek other appropriate relief [Docket No. 528].

**B.     The Sale of Substantially All of the Debtors' Assets**

7. On July 18, 2018, the Court entered the *Order (A) Approving and Authorizing Sale of Substantially All of the Debtors' Assets, Free and Clear of All Liens, Claims, Encumbrances and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief* [Docket No. 387] (the "**Sale Order**"). By the authority granted under the Sale Order, the Debtors consummated the sale transaction (the "**Sale**") on August 2, 2018. Following the Sale, the Debtors began negotiating with their major continuances regarding the formulation of a liquidating plan to wind down the Debtors' estates for the benefit of their stakeholders.

**C.     The Combined Plan and Disclosure Statement**

8. On October 16, 2018, the Debtors filed the solicitation version of the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (as may be amended, modified, or supplemented, the "**Combined Plan and Disclosure Statement**") [Docket No. 554]. On that same date, the Court entered an order approving the Combined Plan and Disclosure Statement on an interim basis for solicitation purposes only. *See* Docket No. 557.

9. The Combined Plan and Disclosure Statement is a liquidating plan and the Debtors' believe the most efficient and cost effective means of orderly liquidating the Debtors' estates and providing distributions to stakeholders.

10. The Debtors have completed solicitation of votes on the Combined Plan and Disclosure Statement. The deadline for parties to vote to accept or reject the Combined Plan and Disclosure Statement was November 19, 2018 at 5:00 p.m. The Debtors intend to file a voting certification prior to the hearing on confirmation certifying that all creditors in each class entitled to vote have voted to accept the Combined Plan and Disclosure Statement.

11. The Court has scheduled a hearing to consider the final approval and confirmation of the Combined Plan and Disclosure Statement for December 19, 2018 (the "**Confirmation Hearing**"). The Debtors are continuing to work with parties in interest to resolve all outstanding objections prior to the Confirmation Hearing.

## Relief Requested

12. By this Motion, the Debtors seek entry of an order pursuant to Section 1121(d) of the Bankruptcy Code: (i) extending the Exclusive Filing Period by approximately ninety (90) days through and including March 11, 2019, and (ii) extending the Exclusive Solicitation Period by approximately ninety (90) days through and including May 13, 2019, without prejudice to their right to seek other appropriate relief.[3]

---

[3] The current Exclusive Filing Period and Exclusive Solicitation Period are set to expire on December 10, 2018 and February 11, 2018, respectively. Pursuant to Local Rule 9006-2, the filing of this Motion prior to the current deadlines serves to automatically extend such deadlines until the Court rules on this Motion. *See* Del. Bankr. L.R. 9006-2.

4

**Basis for Relief Requested**

**A.      Section 1121(d) Permits the Court to Extend the Exclusive Periods for "Cause"**

13.     Section 1121(b) of the Bankruptcy Code provides debtors with the exclusive right to file a chapter 11 plan during the first 120 days after the commencement of a chapter 11 case. *See* 11 U.S.C. § 1121(b).  If a debtor files a plan during this period, Section 1121(c)(3) of the Bankruptcy Code provides the debtor with an initial period of 180 days as of the commencement of the chapter 11 case to solicit acceptance of such plan. *See* 11 U.S.C. § 1121(c)(3).  Section 1121(d) of the Bankruptcy Code permits a bankruptcy court to extend a debtor's exclusive period to file a plan and solicit acceptances thereof upon demonstration of "cause." *See* 11 U.S.C. § 1121(d) ("[O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").  For the reasons described in this Motion, the Debtors respectfully submit that "cause" exists to extend the Exclusive Periods.

14.     It is well established that the decision to extend the Exclusive Periods is left to the sound discretion of the bankruptcy court and should be based upon the facts and circumstances of the particular case.[4] *See, e.g., First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986).  Although the Bankruptcy Code does not define "cause," a number of courts have construed the term in consideration of the Bankruptcy Code's underlying legislative history. *See, e.g., In re Burns & Roe Enters., Inc.*, No. 00-41610 RG, 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005) (noting that the exclusive periods under Section

---

[4] Although the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("**BAPCPA**") amended Section 1121(d) by prohibiting extensions of exclusive filing and solicitation periods beyond 18 and 20 months of the petition date, respectively, there was no revision to the standards for obtaining interim extensions.  Accordingly, pre-BAPCPA case law continues to apply and must be examined in the context of these cases.

1121 of the Bankruptcy Code are intended "to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated" (quoting H.R. Rep. No. 103-835, at 36 (1994), as reprinted in 1994 U.S.C.C.A.N. 3340, 3344)).  This time of exclusivity affords a debtor an opportunity to propose a chapter 11 plan and solicit acceptances thereof without the potential value deterioration and disruption to business operations that would ensue from the filing and solicitation of competing plans by non-debtor parties.  Further, the legislative history indicates that "cause" should be interpreted in such a way "to allow the debtor to reach an agreement."  H.R. Rep. No. 95-595 at 231, 232 (1978), as reprinted in 1978 U.S.C.C.A.N. 5963, 6191.  The opportunity for a debtor to negotiate a plan unimpaired by competition is intended to allow a debtor time to satisfy its creditors, win support for its plan, and ultimately survive as a business.  *See Geriatrics Nursing Home v. First Fidelity Bank, N.A.*, 187 B.R. 128, 133 (D.N.J. 1995).

15. Moreover, the fact that a debtor may propose a liquidating, as opposed to a reorganizing, plan should not negatively impact its ability to retain the exclusive right to solicit acceptances of a plan.

16. In determining whether cause exists to extend a debtor's exclusive periods, courts consider a variety of factors, including:

(a) the size and complexity of the case;

(b) the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

(c) the existence of good faith progress toward reorganization;

(d) the fact that the debtor is paying its bills as they come due;

(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f) whether the debtor has made progress in its negotiations with creditors;

(g) the amount of time that has elapsed in the case;

6

  (h)  whether creditors are prejudiced by the extension;

  (i)  whether the debtor is not seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands; and

  (j)  the existence of an unresolved contingency.

*See In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002); *McLean Indus.*, 87 B.R. at 834; *see also Dow Corning*, 208 B.R. at 664 (identifying the above factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended); *In re Friedman's Inc.*, 336 B.R. 884, 888 (Bankr. D. Ga. 2005) (same). Any one of these factors may constitute sufficient grounds for extending a debtor's exclusive periods. *See In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). The application of these factors to the facts and circumstances of these cases demonstrates that the requested extension of the Exclusive Periods is both appropriate and necessary.

  17. Not all of the above factors are relevant to every case and courts may consider the relevant subset of factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100-01 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two factors in holding that cause existed to extend exclusivity).

**B.**  **Cause Exists for an Extension of the Exclusive Periods**

  18. The Debtors filed these cases approximately seven months ago. As noted above, the Debtors devoted substantial time and effort in pursuing, obtaining the approval of and

closing the Sale to maximize value for the Debtors' estates. In addition, the Debtors conducted store closing sales and wound down their retail business.

19. Closing the Sale required the focused effort of the Debtors' workforce and professionals. Since the closing date, the Debtors have devoted significant time and effort to assisting with the transition of the assets to the purchaser in as seamless a manner as possible. The Debtors have also taken numerous other steps to conclude these Chapter 11 Cases, including, but not limited, establishing a bar date for filing proofs of claim. Most significantly, the Debtors filed the Combined Plan and Disclosure Statement. Following interim approval of the Disclosure Statement on October 16, 2018, the Debtors solicited votes on the Combined Plan and Disclosure Statement. Prior to the Confirmation Hearing, the Debtors intend to file a voting certification certifying that all classes entitled to vote have accepted the Combined Plan and Disclosure Statement. The Debtors are currently focused on negotiating with parties in interest in order to resolve all outstanding objections prior to the Confirmation Hearing.

20. The current Exclusive Filing Period is set to expire on December 10, 2018, which occurs approximately one week before the Confirmation Hearing. Although the Debtors expect the Combined Plan and Disclosure Statement to be confirmed at the Confirmation Hearing and are working to address all outstanding objections to confirmation of the Combined Plan and Disclosure Statement, the Debtors seek the relief requested herein out of an abundance of caution to address any unforeseen delays experienced in connection with confirmation of the Combined Plan and Disclosure Statement.

21. In light of the Debtors' accomplishment of the above enumerated milestones, the Debtors believe that each of the factors relevant to these Chapter 11 Cases weighs in favor of the relief requested herein.

8

RLF1 20398825v.4

### C. Good-Faith Progress Made in this Case

22. The Debtors have made material progress in these Chapter 11 Cases and do not seek the extension of the Exclusive Periods as a means to exert pressure on the relevant parties in interest. Indeed, the Debtors have solicited votes on the Combined Plan and Disclosure Statement and all classes entitled to vote have accepted the Combined Plan and Disclosure Statement. The Debtors have continued to work with their major stakeholders in an effort to address certain issues related to confirmation of the Combined Plan and Disclosure Statement. Thus, the Debtors seek the requested extension of the Exclusive Periods to allow the time necessary to obtain confirmation of the Combined Plan and Disclosure Statement and allow for any unanticipated delays associated with these efforts.

### D. The Necessity of Sufficient Time to Negotiate and Prepare Adequate Information

23. Given the progress that the Debtors have made in these Chapter 11 Cases and the pending Confirmation Hearing, the Debtors believe that it is reasonable to request an additional brief extension of the Exclusive Periods. Granting the requested extensions will give the Debtors a full and fair opportunity to obtain confirmation of the Combined Plan and Disclosure Statement without the distraction, cost and delay of a competing plan process. *See In re Energy Conversion Devices, Inc.*, 474 B.R. 503, 507 (Bankr. E.D. Mich. 2012) ("In enacting 11 U.S.C. § 1121, Congress intended to allow the debtor a reasonable time to obtain confirmation of a plan without the threat of a competing plan. It was intended that . . . a debtor should be given the unqualified opportunity to negotiate a settlement and propose a plan of reorganization without interference from creditors and other interests.") (citation and internal quotation marks omitted). Accordingly, the Debtors submit that this factor supports the relief requested.

### E. The Extension Sought Will Advance the Chapter 11 Cases and Will Not Prejudice Creditors

24. Granting the requested extensions to the Exclusive Periods will not prejudice or pressure the Debtors' creditor constituencies or grant the Debtors any unfair bargaining leverage. The Debtors have no ulterior motive in seeking an extension of the Exclusive Periods. The Debtors have worked diligently the past few months to maximize value of their assets for stakeholders through the sale process and by pursuing confirmation of the Combined Plan and Disclosure Statement. Accordingly, the Debtors submit that the extensions are warranted and appropriate under the circumstances.

### F. The Debtors are Paying Their Debts as They Come Due

25. The Debtors continue to make timely payments on their undisputed postpetition obligations. As such, this factor weighs in favor of allowing the Debtors to extend the Exclusive Periods.

### G. The Confirmation Hearing is Scheduled to Occur in the Next Week

26. The Debtors' request for an extension of the Exclusive Periods comes at a time when the Debtors have filed the Combined Plan and Disclosure Statement and solicited votes on such Combined Plan and Disclosure Statement. As discussed above, all classes of claims entitled to vote have accepted the Combined Plan and Disclosure Statement and a hearing to consider the final approval and confirmation of the Combined Plan and Disclosure Statement is scheduled to occur on December 19, 2018. The Debtors are currently focused on negotiating with parties in interest to resolve all objections to confirmation of the Combined Plan and Disclosure Statement. The proposal and solicitation of a competing plan would be both inefficient and costly during this critical period immediately preceding the Confirmation Hearing. Accordingly, the Debtors submit that their progress to date, coupled with the serious

risk of eroding that progress before the scheduled Confirmation Hearing, weigh in favor of extending the Exclusive Periods.

**H.    Termination of the Debtors' Exclusive Periods Would Adversely Impact the Chapter 11 Cases**

27.    Termination of the Exclusive Periods would adversely impact the Debtors' efforts to preserve and maximize the value of their estates and the progress of the Chapter 11 Cases. Such termination may disincentivize creditors from negotiating with the Debtors, and undermine the Debtors' efforts to successfully confirm the Combined Plan and Disclosure Statement. Moreover, the solicitation of any competing plan could greatly complicate and increase the cost of administering the Chapter 11 Cases. Accordingly, the Debtors respectfully submit that cause exists to extend the Exclusive Periods pursuant to Section 1121(d) of the Bankruptcy Code.

## Notice

28.    Notice of this Motion will be given to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Prepetition Noteholders and DIP Note Purchasers; (iv) counsel to the ABL Administrative Agent and DIP ABL Agent; (v) counsel to the Purchaser; (vi) the Information Officer; and (vii) all parties entitled to notice pursuant to Bankruptcy Rule 2002. A copy of this Motion and any order approving it will also be made available on the Debtors' case information website located at *http://www.cases.primeclerk.com/rockport*. The Debtors submit that, under the circumstances, no other or further notice is required.

## No Prior Motion

29.    The Debtors have not made any prior motion for the relief sought in this motion to this Court or any other.

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A**, extending the Exclusive Periods, without prejudice to the Debtors' right to seek further extensions to the Exclusive Periods, and granting such further relief as the Court deems just and proper.

Dated:  December 10, 2018
        Wilmington, Delaware

                                                                 */s/ Amanda R. Steele*
                                                                Mark D. Collins (No. 2981)
                                                                Michael J. Merchant (No. 3854)
                                                                Amanda R. Steele (No. 5530)
                                                                Brendan J. Schlauch (No. 6115)
                                                                Megan E. Kenney (No. 6426)
                                                                RICHARDS, LAYTON & FINGER, P.A.
                                                                One Rodney Square
                                                                920 North King Street
                                                                Wilmington, Delaware 19801
                                                                Telephone:  302-651-7700
                                                                Fax:  302-651-7701
                                                                Email: collins@rlf.com
                                                                                            merchant@rlf.com
                                                                                            steele@rlf.com
                                                                                            schlauch@rlf.com
                                                                                            kenney@rlf.com

                                                                *Counsel to the Debtors*