**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| THE RELAY COMPANY, LLC, *et al.,* | ) | Case No. 18-11145 (LSS) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |
| | ) | **Re: Docket Nos. 554 & 649** |
| _____ | ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
(I) APPROVING REVISED COMBINED DISCLOSURE STATEMENT
AND CHAPTER 11 PLAN OF LIQUIDATION AS CONTAINING ADEQUATE
INFORMATION ON A FINAL BASIS AND (II) CONFIRMING REVISED COMBINED
DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION**

**WHEREAS**, The Relay Company, LLC (formerly known as, The Rockport

Company, LLC) and its affiliated debtors and debtors in possession (collectively, the "**Debtors**")

in the above captioned chapter 11 cases (the "**Chapter 11 Cases**") have proposed and filed with

the United States Bankruptcy Court for the District of Delaware (the "**Court**") (i) the *Revised

Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 649] (as may

be further modified, amended, and/or supplemented from time to time, the "**Combined Plan and

Disclosure Statement**," or individually, the "**Disclosure Statement**" and the "**Plan**", as

appropriate), a final version of which is attached hereto as <u>Exhibit A</u>,[2] (ii) the *Motion of Debtors*

---

[1] The debtors and debtors in possession in these cases and the last four digits of their respective Employer Identification Numbers are: Relay Blocker, LLC (f/k/a Rockport Blocker, LLC) (5097), The Relay Group Holdings, LLC (f/k/a The Rockport Group Holdings, LLC) (3025), Relay 1-P Holdings, LLC (f/k/a TRG 1-P Holdings, LLC) (4756), Relay Intermediate Holdings, LLC (f/k/a TRG Intermediate Holdings, LLC) (8931), Relay Class D, LLC (f/k/a TRG Class D, LLC) (4757), The Relay Group, LLC (f/k/a The Rockport Group, LLC) (5559), The Relay Company, LLC (f/k/a The Rockport Company, LLC) (5456), Drydock Footwear, LLC (7708), DD Management Services LLC (8274), and Relay Opco Canada ULC (f/k/a Rockport Canada ULC) (3548).  The debtors' mailing address is 1220 Washington Street, West Newton, Massachusetts 02465.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Combined Plan and Disclosure Statement.

*for Entry of an Order (I) Approving the Combined Plan and Disclosure Statement on an Interim Basis for Solicitation Purposes Only, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Combined Disclosure Statement and Plan, (III) Approving the Form of Ballot and Solicitation Materials, (IV) Establishing Voting Record Date, (V) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto and (VI) Approving Related Notice Procedures* [Docket No. 506] (the "**Motion**"), and (iii) the Plan Supplement, dated November 9, 2019 [Docket No. 591];

**WHEREAS**, on October 16, 2018, the Debtors filed the solicitation version *Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 554] (the "**Proposed Plan**");

**WHEREAS**, on October 16, 2018, the Court entered the *Order (I) Approving the Combined Plan and Disclosure Statement on an Interim Basis for Solicitation Purposes Only, (II) Establishing Procedures for Solicitation Purposes Only, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Combined Disclosure Statement and Plan, (III) Approving the Form of Ballot and Solicitation Materials, (IV) Establishing Voting Record Date, (V) Fixing the Date, Time and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto and (VI) Approving Related Notice Procedures* [Docket No. 557] (the "**Interim Approval and Procedures Order**"), approving, among other things, the Disclosure Statement on an interim basis for solicitation purposes only, the contents of the Solicitation Packages (defined herein), and procedures for soliciting and tabulating votes to accept or reject the Plan;

**WHEREAS**, due notice of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") has been given to Holders of Claims, Interests and other parties in

interest in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Interim Approval and Procedures Order, as set forth in the *Affidavit of Service* [Docket No. 576] (the "**Confirmation Notice Affidavit**");

WHEREAS, in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Interim Approval and Procedures Order, solicitation packages containing the Interim Approval and Procedures Order, a Ballot and notice of the Confirmation Hearing (collectively, the "**Solicitation Packages**") were transmitted to Holders of Claims in Class 2 (Prepetition Note Secured Claims against the U.S. Debtors), Class 4(a) (General Unsecured Claims against the U.S. Debtors) and Class 4(b) (General Unsecured Claims against Rockport Canada) (collectively, the "**Voting Classes**");

WHEREAS, on December 17, 2018 Prime Clerk LLC filed the *Declaration of James Daloia of Prime Clerk LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 651] (the "**Voting Declaration**") containing a tabulation of all valid Ballots received and demonstrating acceptance of the Plan by the Voting Classes;

WHEREAS, on December 17, 2018, the Debtors filed the *Declaration of Paul Kosturos in Support of Confirmation of the Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 652] (the "**Kosturos Declaration**");

WHEREAS, on December 17, 2018, the Debtors filed the Plan;

WHEREAS, modifications to the Proposed Plan were primarily made to resolve certain objections and to implement the Prepetition Noteholders' agreement to the use of their cash collateral to fund the Pre-Effective Date Professional Fee Reserve, the Pre-Effective Date SAP Claims Reserve and the Post-Effective Date Trust Reserve and thereby provide for the

3

payment of estimated U.S. Administrative Claims, U.S. Tax Priority Claims and Other Priority Claims against the U.S. Debtors in accordance with the terms of the Plan;

**WHEREAS**, on December 19, 2018, the Court conducted the Confirmation Hearing to consider, on a final basis, whether the Disclosure Statement contained adequate information within the meaning of Section 1125(a) of the Bankruptcy Code, and confirmation of the Plan; and

**NOW, THEREFORE**, based upon the Court's consideration of (i) the Combined Plan and Disclosure Statement, (ii) the Motion, (iii) the Confirmation Notice Affidavit, (iv) the Kosturos Declaration; (v) the Voting Declaration, (vi) any objections to the Combined Plan and Disclosure Statement and (vii) the Confirmation Hearing, and the Court having found the Disclosure Statement contains adequate information within the meaning of Section 1125(a) of the Bankruptcy Code and is confirmable in its current form and all objections thereto have either been settled, withdrawn or overruled at the Confirmation Hearing, and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY FOUND AND DETERMINED THAT:

A.     <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.     <u>Jurisdiction, Venue, Core Proceeding</u>.  The Court has jurisdiction over the Debtors' Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334.  Approval of the Disclosure

Statement and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto. The Debtors are eligible debtors under Section 109 of the Bankruptcy Code. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors are the plan proponents in accordance with Section 1121(a) of the Bankruptcy Code. On May 14, 2018 (the "**Petition Date**"), the Debtors commenced with this Bankruptcy Court voluntary cases under Chapter 11 of the Bankruptcy Code.

   C. <u>Official Committee of Unsecured Creditors</u>. On May 23, 2018, the Office of the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors in the Chapter 11 Cases (the "**Creditors' Committee**").

   D. <u>Approval Under Section 1125</u>. The Disclosure Statement contains adequate information within the meaning of Section 1125(a) of the Bankruptcy Code.

   E. <u>Interim Approval and Procedures Order Compliance</u>. The Debtors have complied with the Interim Approval and Procedures Order, including the solicitation process, in all respects.

   F. <u>Burden of Proof</u>. The Debtors have the burden of proving the elements of Sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence. The Debtors have met this burden.

   G. <u>Voting</u>. As evidenced by the Voting Declaration, votes to accept or reject the Combined Plan and Disclosure Statement have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code and the Bankruptcy Rules, the solicitation process set forth in the Interim Approval and Procedures Order, and applicable non-bankruptcy law.

H.      Solicitation.  The Solicitation Packages were transmitted and served in compliance with the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, and the Interim Approval and Procedures Order.  The form of the Ballots adequately addressed the particular needs of these Chapter 11 Cases and is appropriate to the Holders of the Claims in the Voting Classes, which are impaired under the Combined Plan and Disclosure Statement, and may receive a distribution under the Combined Plan and Disclosure Statement, and whose votes were, therefore, solicited.

1.      The period during which the Debtors solicited acceptances of the Combined Plan and Disclosure Statement was reasonable in the circumstances of these Chapter 11 Cases and enabled Holders to make an informed decision to accept or reject the Plan.  The Debtors were not required to solicit votes from the Holders of Claims in the following Classes as each such Class is unimpaired under the Plan and thus conclusively presumed to have accepted the Plan: Class 1 (Other Secured Claims) and Class 3 (Other Priority Claims).

2.      The Debtors also were not required to solicit votes from the Holders of Claims or Interests in Class 5 (Intercompany Claims) and Class 6 (Equity Interests) (the "**Deemed Rejecting Classes**"), as each such Class received no recovery under the Plan and is deemed to reject the Plan.

3.      As described in and as evidenced by the Voting Declaration and the Confirmation Notice Affidavit, the transmittal and service of the Solicitation Packages was timely, adequate, and sufficient under the circumstances.  The solicitation of votes on the Plan complied with the Interim Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.  In connection therewith, the Debtors, and any and all affiliates, members, managers, shareholders, partners, employees, attorneys and advisors of the foregoing are entitled to the protection of Section 1125(e) of the Bankruptcy Code.

I.      Good Faith.  The Debtors have not engaged in any collusive or unfair conduct in connection with the Combined Plan and Disclosure Statement.  The Combined Plan and Disclosure Statement was negotiated and conducted at arms-length and without collusion with any person or entity.

J.      <u>Notice</u>.  As is evidenced by the Voting Declaration and the Confirmation Notice Affidavit, the transmittal and service of the Solicitation Packages were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Interim Approval and Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto.  No other or further notice is required.

K.      <u>Modifications to the Proposed Plan</u>.  The modifications made to the Proposed Plan since solicitation (i) complied in all respects with Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, (ii) do not adversely affect the treatment of any holder of Allowed Claims, and (iii) do not require re-solicitation of votes with respect to the Plan.  The votes cast to accept the Proposed Plan are deemed to have been cast with respect to the Plan.

L.      <u>Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Combined Plan and Disclosure Statement complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Combined Plan and Disclosure Statement is dated and identifies the Debtors as plan proponents, thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

M.      <u>The Debtors' Compliance with the Bankruptcy Code (11 U.SC. § 1129(a)(2))</u>.  The Debtors have complied with all applicable provisions of the Bankruptcy Code, satisfying the requirements of Section 1129(a)(2) of the Bankruptcy Code.

N.    <u>Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Combined Plan and Disclosure Statement has been proposed in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code.

O.    <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtors, or by a person issuing securities or acquiring property under the Combined Plan and Disclosure Statement, for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Combined Plan and Disclosure Statement and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

P.    <u>Plan Administrator, Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5))</u>.  The Debtors have complied with Section 1129(a)(5) of the Bankruptcy Code.  The identity, affiliations and compensation of the Liquidating Trustee and the Rockport Canada Plan Administrator proposed to serve after the Effective Date have been fully disclosed in the Plan Supplement.

Q.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  After confirmation of the Plan, the Debtors' businesses will not involve rates established or approved by, or otherwise subject to, any governmental regulatory commission.   Thus, Section 1129(a)(6) of the Bankruptcy Code is not applicable.

R.    <u>Best Interest of Creditors (11 U.S.C. § 1129(a)(7))</u>.  The Plan satisfies Section 1129(a)(7) of the Bankruptcy Code.  The liquidation analysis provided in the Combined Plan and Disclosure Statement, and the other evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii)

establishes that each Holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

S.      <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  All Classes of Claims or Interests either voted to accept the Plan (*i.e.*, Classes 2, 4(a) and 4(b)) or were deemed to accept the Plan (*i.e.*, Classes 1 and 3).  The Deemed Rejecting Classes are impaired by the Plan and are not entitled to receive or retain any property under the Plan and, therefore, are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code.  As found and determined below, pursuant to Section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed notwithstanding the fact that the Deemed Rejecting Classes are impaired and are deemed to have rejected the Plan.

T.      <u>Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>.  The treatment of Administrative Expense Claims under the Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.  The treatment of Priority Tax Claims pursuant to the Plan satisfies the requirements of Section 1129(a)(9)(C) of the Bankruptcy Code.

U.      <u>Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))</u>.  Holders of Claims in the Voting Classes voted to accept the Plan, determined without including any acceptance of the Plan by any insider, thereby satisfying the requirements of Section 1129(a)(10) of the Bankruptcy Code.

V.      <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  The Combined Plan and Disclosure Statement itself calls for liquidation of the Debtors.  Therefore, confirmation of the Plan is not

likely to be followed by the need for further financial reorganization of the Debtors.  Further, the evidence proffered or adduced at or prior to the Confirmation Hearing, including the Kosturos Declaration establishes that the Plan is feasible and that there is a reasonable prospect of the Liquidating Trust and Rockport Canada being able to meet their financial obligations under the Plan, thereby satisfying Section 1129(a)(11) of the Bankruptcy Code.

W.    <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  The Plan provides that on the Effective Date, and thereafter as may be required, the Debtors shall pay all fees payable pursuant to Section 1930 of Title 28 of the United States Code, thereby satisfying Section 1129(a)(12) of the Bankruptcy Code.

X.    <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  The Debtors do not maintain retirement plans or other benefits obligations.  Accordingly, Section 1129(a)(13) of the Bankruptcy Code is not applicable to the Combined Plan and Disclosure Statement.

Y.    <u>No Domestic Support Obligations (11 U.S.C. § 1129(a)(14))</u>.  The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.  Accordingly, Section 1129(a)(14) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

Z.    <u>The Debtors are Not Individuals (11 U.S.C. § 1129(a)(15))</u>.  The Debtors are not individuals, and accordingly, Section 1129(a)(15) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

AA.    <u>No Applicable Non-bankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16))</u>.  The Debtors are moneyed, business, and/or commercial corporations, and accordingly, Section 1129(a)(16) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

10

BB.    <u>Fair and Equitable, No Unfair Discrimination (11 U.S.C. § 1129(b))</u>. Holders of Claims or Interests in the Deemed Rejecting Classes are deemed to have not accepted the Plan.  Based upon the evidence proffered, adduced, and presented by the Debtors at the Confirmation Hearing, including the Kosturos Declaration, the Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by Sections 1129(b)(1) and (b)(2) of the Bankruptcy Code.  Thus, the Plan may be confirmed notwithstanding the deemed rejection of the Plan by the Deemed Rejecting Classes.

CC.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  The Plan is the only plan filed in the Chapter 11 Cases, and accordingly, Section 1129(c) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

DD.    <u>Principal Purpose of the Plan (11 U.S.C. §1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act, and no governmental unit has objected to the confirmation of the Plan on any such grounds.  Therefore, the Combined Plan and Disclosure Statement satisfies the requirements of Section 1129(d) of the Bankruptcy Code.

EE.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  Based on the record before the Court, the Debtors and their agents, successors, predecessors, control persons, members, officers, directors, employees and agents and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons, in each case, have acted in "good faith" within the meaning of Section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the

Plan and their participation in the activities described in Section 1125 of the Bankruptcy Code, and therefore are not, and on account of such offer, issuance and solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and, to the extent such parties are listed therein, the exculpation provisions set forth in Article XIII.E of the Combined Plan and Disclosure Statement.

FF.    Implementation.  All documents necessary to implement the Plan, and all other relevant and necessary documents have been developed and negotiated in good faith and at arms-length and shall, upon completion of documentation and execution, and subject to the occurrence of the Effective Date, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

GG.    Substantive Consolidation of the U.S. Debtors.  The Court finds that it is critical and necessary to substantively consolidate the U.S. Debtors' Estates in order to implement the Plan.  Based on the debt structure of Rockport Canada, the Debtors determined that it was appropriate to separate the estates of the U.S. Debtors and Rockport Canada for purposes of the Plan.  Accordingly, the Plan includes separate classes for Claims and Interests against Rockport Canada and Rockport Canada is not substantively consolidated with the U.S. Debtors under the Plan.

HH.    Settlement of the Rockport Canada Allocation Amount.  The Court finds that the settlement of the Rockport Canada Allocation Amount set forth in the Plan is reasonable and appropriate under the circumstances and satisfies Sections 363 and 1123 of the Bankruptcy Code and Bankruptcy Rule 9019 as outlined by the U.S. Court of Appeals for the Third Circuit in *Myers v. Martin (In re Martin)*, 91 F.3d 389 (3d Cir. 1996).

II.     <u>Releases</u>.  The Court has jurisdiction under Sections 1334(a) and (b) of Title 28 of the United States Code to approve the releases set forth in Article XIII.F and the related injunction in Article XIII.A, and elsewhere in the Combined Plan and Disclosure Statement and this Confirmation Order.   Section 105(a) of the Bankruptcy Code permits approval of the releases set forth in Article XIII.F, and the related injunction in Article XIII.A, and elsewhere in the Combined Plan and Disclosure Statement and this Confirmation Order, because, as has been established here based upon the evidence presented at the Confirmation Hearing, such provisions (i) were integral to achieving settlement among the various parties in interest and are essential to the formulation and implementation of the Combined Plan and Disclosure Statement, as provided in Section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' Estates, and (iii) with respect to the Third Party Releases, such releases have been consented to by the Releasing Parties.

JJ.     Pursuant to Section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the exculpation provision and the releases set forth in the Combined Plan and Disclosure Statement and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors, and their Estates, creditors, and equity holders.  The record of the Confirmation Hearing is sufficient to support the exculpation provision set forth in Article XIII.E and the releases provided for in Article XIII.F, and the related injunction in Article XIII.A, of the Combined Plan and Disclosure Statement. Accordingly, based upon the representations of the parties, and/or the evidence proffered, adduced, and/or presented at the Confirmation Hearing, this Court finds that the exculpation provision set forth in Article XIII.E and the releases set forth in Article XIII.F, and the related

13

injunction in Article XIII.A, of the Combined Plan and Disclosure Statement are consistent with the Bankruptcy Code and applicable law.

KK.    Based on the foregoing, the Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    <u>Findings of Fact and Conclusions of Law</u>.  The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2.    <u>Notice of the Confirmation Hearing</u>.  Notice of the Confirmation Hearing complied with the terms of the Interim Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.

3.    <u>Adequate Information</u>.  The Disclosure Statement is approved on a final basis as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Combined Plan and Disclosure Statement not otherwise consensually resolved are overruled.

4.    <u>Solicitation</u>.  The solicitation of votes on the Plan complied with the Interim Approval and Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and applicable non-bankruptcy law.

5.    <u>Ballots</u>.  The form of Ballots annexed as <u>Exhibits A-1</u> and <u>A-2</u> to the Interim Approval and Procedures Order was in compliance with Bankruptcy Rule 3018(c), and

as modified, substantially conforms to Official Form Number 14, and is approved in all respects.

6.      <u>Confirmation of the Plan</u>.   The Plan, attached hereto as <u>Exhibit A</u>, is approved and confirmed under Section 1129 of the Bankruptcy Code.   The terms of the Combined Plan and Disclosure Statement are an integral part of, this Confirmation Order.

7.      <u>Objections Resolved or Overruled</u>.   All objections, responses, statements and comments in opposition to the Combined Plan and Disclosure Statement, other than those withdrawn with prejudice, waived, or settled prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, overruled in their entirety.

8.      <u>General Authorizations</u>.   The Combined Plan and Disclosure Statement was approved by the officer of the Debtors whose approval was necessary.   Pursuant to the appropriate provisions of the corporate or business organizations law of the applicable states or provinces of organization of the Debtors, and Section 1142(b) of the Bankruptcy Code, no additional action of the respective directors, members, managers or stockholders of the Debtors shall be required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Combined Plan and Disclosure Statement and any contract, instrument, or other document to be executed, delivered, adopted or amended in connection with the implementation of the Combined Plan and Disclosure Statement.

9.      <u>Binding Effect</u>.   On the date of and following entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Combined Plan and Disclosure Statement shall bind the Debtors, all Holders of Claims and Interests (irrespective of whether such Claims or Interests are impaired under the Plan or whether the

Holders of such Claims or Interests have accepted the Plan), any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors, any other party in interest in these Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

10.    <u>Vesting of Assets</u>.  As of the Effective Date, pursuant to the provisions of Section 1141(b) and (c) of the Bankruptcy Code, (i) all assets of the U.S. Debtors shall vest in the Liquidating Trust free and clear of all Claims, liens, encumbrances, charges, membership interests and other interests and (ii) all assets of Rockport Canada shall vest in Rockport Canada free and clear of all Claims, liens, encumbrances, charges, membership interests and other interests, in each case, except as otherwise expressly provided in the Combined Plan and Disclosure Statement or this Confirmation Order, and subject to the terms and conditions of the Combined Plan and Disclosure Statement and this Confirmation Order.

11.    <u>Implementation of the Combined Plan and Disclosure Statement</u>.  The Debtors are hereby authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Combined Plan and Disclosure Statement, including all such actions delineated in Article X and Article XI of the Combined Plan and Disclosure Statement.  On the Effective Date, the Liquidating Trustee and the Rockport Canada Plan Administrator shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, consents, certificates, notices, resolutions, programs, and other agreements, instruments, and/or documents, and take such acts and actions as may be reasonably necessary or appropriate to effectuate, implement, substantially consummate, and/or

further evidence the terms and conditions of this Combined Plan and Disclosure Statement and any transactions described in or contemplated by this Combined Plan and Disclosure Statement.

12.     <u>Substantive Consolidation of the U.S. Debtors</u>.  As of the Effective Date, and solely for the purposes of these Chapter 11 Cases, the U.S. Debtors' Estates shall be substantively consolidated.  For the avoidance of doubt, the estate of Rockport Canada shall not be substantively consolidated with the estates of the U.S. Debtors for purposes of the Plan.

13.     <u>Approval of Rockport Canada Allocation Amount Settlement</u>.  Pursuant to Sections 363 and 1123 of the Bankruptcy Code and Bankruptcy Rule 9019, the compromise and settlement of the Rockport Canada Allocation Amount is approved in all respects.

14.     <u>Rejection of Executory Contracts</u>.  Except as is set forth in the Combined Plan and Disclosure Statement, pursuant to Article XII.A of the Combined Plan and Disclosure Statement, as of the Effective Date, each Executory Contract to which any of the Debtors is a party is hereby rejected as of the Effective Date unless previously assumed and/or assigned (including in connection with the Sale and pursuant to the Sale Order), subject to a pending motion to assume and/or assign, or rejected before the Effective Date.

15.     <u>Conditions to Effectiveness</u>.   The Combined Plan and Disclosure Statement shall not become effective unless and until the conditions set forth in Article XV.B of the Plan have been satisfied or waived pursuant to Article XV.E of the Plan.

16.     <u>Professional Compensation</u>.  Except as provided in the Combined Plan and Disclosure Statement, all Professionals (including any application of members of the Creditors' Committee for expense reimbursement) shall file with the Court and serve their respective final applications for allowance of Professional Fee Administrative Claims by the date that is thirty (30) calendar days after the Effective Date.   Upon the Effective Date, any

17

requirement that Professionals comply with Sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and Professionals may be employed and paid in the ordinary course of business without any further notice to, or action, order, or approval of, the Court.  Professional Fee Administrative Claims shall be paid in accordance with Article V.A of the Plan.

17.    Binding Exculpation Provision.    All exculpation provisions embodied herein and/or in the Combined Plan and Disclosure Statement, including but not limited to those contained in Article XIII.E of the Combined Plan and Disclosure Statement, are approved and shall be effective and binding on all persons and entities, to the extent provided therein.

18.    Binding Release Provisions.    All release provisions embodied herein and/or in the Combined Plan and Disclosure Statement, including but not limited to those contained in Article XIII.F of the Combined Plan and Disclosure Statement, are approved and shall be effective and binding on all persons and entities, to the extent provided therein; provided, however, that no provision of the Combined Plan and Disclosure Statement or this Confirmation Order shall be construed to grant a discharge pursuant to Section 1141(d) of the Bankruptcy Code.

19.    Injunctions Relating to Releases.    Except as otherwise specifically provided in the Combined Plan and Disclosure Statement or this Confirmation Order, from and after the Effective Date, all Persons and Entities who have held, hold, or may hold Claims or rights giving rise to any equitable relief against the Assets or any Interests in the Debtors arising prior to the Effective Date are permanently enjoined from taking any of the following actions against the Estates, the Released Parties, any member of the Creditors' Committee in its capacity as such, the Liquidating Trust, the Liquidating Trustee, the Rockport Canada Fund, the Rockport

18

Canada Plan Administrator or any of their respective property or Assets (collectively, the "**Estate Assets**") on account of any such Claims or Interests: (a) commencing or continuing, in any manner or in any place, any action or proceeding seeking to collect or to recover in any manner against, or assert control or dominion over, the Estate Assets; (b) enforcing, attaching, collecting, or recovering in any manner against the Estate Assets, any judgment, award, decree or order; (c) creating, perfecting, or enforcing any Lien or encumbrance against the Estate Assets; (d) asserting recoupment unless such recoupment was formally asserted in a timely Filed proof of Claim or in a pleading Filed with the Court prior to entry of the Plan Confirmation Order (notwithstanding any indication in any proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of recoupment) or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of, in connection with or with respect to any such Claims or Interests discharged, released, exculpated, or settled pursuant to the Plan or that is otherwise inconsistent with the provisions of the Plan; *provided, however*, that such Persons and Entities shall not be precluded from exercising their rights under and consistent with the terms of the Combined Plan and Disclosure Statement, the Plan Confirmation Order, the Liquidating Trust Agreement or the Rockport Canada Plan Administrator Agreement.

20.    <u>Preservation of Causes of Action</u>.    Pursuant to Article X.N of the Combined Plan and Disclosure Statement, the Causes of Action shall be and are hereby preserved, except as provided otherwise in the Combined Plan and Disclosure Statement or any Final Order of this Court.

21.    <u>Reservation of Rights</u>.    Except as expressly set forth herein, the Combined Plan and Disclosure Statement shall have no force or effect until the Effective Date.    None of the

filing of the Combined Plan and Disclosure Statement, any statement or provision contained herein, or the taking of any action by the Debtors with respect to the Combined Plan and Disclosure Statement shall be or shall be deemed to be an admission or waiver of any rights of the Debtors, Holders of Claims or Interests before the Effective Date.

22.     Payment of Statutory Fees.  All fees payable pursuant to Section 1930(a) of Title 28 of the United States Code and/or Section 3717 of Title 31 of the United States Code, as determined by the Court, shall be paid for each quarter (including any fraction thereof) by each and every Debtor, as applicable, until the earlier of the time that a particular case is converted, dismissed or closed.  For the avoidance of doubt, following the Effective Date, Statutory Fees relating to the U.S. Debtors shall be paid by the Liquidating Trust (including on account of any disbursements made by the Liquidating Trust) and Statutory Fees relating to Rockport Canada shall be paid by the Rockport Canada Plan Administrator (including on account of any disbursements made from the Rockport Canada Fund).  For the avoidance of doubt, any Statutory Fees of the U.S. Debtors relating either to periods preceding the Effective Date (including any fraction thereof) or to the initial distribution under the Plan to the Holders of Allowed Prepetition Note Secured Claims shall be paid from the Pre-Effective Date SAP Claims Reserve.

23.     Retention of Jurisdiction.  On and after the Effective Date, the Court shall retain jurisdiction, to the fullest extent permissible under law, over all matters arising in, arising under, and related to the Chapter 11 Cases, the Combined Plan and Disclosure Statement, the Liquidating Trust Agreement, and the Rockport Canada Plan Administrator Agreement for, among other things, the following purposes:

RLF1 20243378v.5

(a)     To hear and determine any objections to Claims and to address any issues relating to Disputed Claims;

(b)     To enter and implement such Orders as may be appropriate in the event the Plan Confirmation Order is for any reason stayed, revoked, modified, or vacated;

(c)     To issue such Orders in aid of execution and Consummation of the Combined Plan and Disclosure Statement, the Liquidating Trust Agreement and the Rockport Canada Plan Administrator Agreement;

(d)     To consider any amendments to or modifications of the Combined Plan and Disclosure Statement, the Liquidating Trust Agreement and the Rockport Canada Plan Administrator Agreement, to cure any defect or omission, or reconcile any inconsistency in any Order of the Court, including, without limitation, the Plan Confirmation Order;

(e)     To hear and determine all requests for compensation and reimbursement of expenses under Section 330 or 503 of the Bankruptcy Code;

(f)     To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Combined Plan and Disclosure Statement, the Liquidating Trust Agreement and the Rockport Canada Plan Administrator Agreement, including the releases, exculpations, and injunctions provided hereunder;

(g)     To hear and determine matters concerning state, local, and federal taxes in accordance with Sections 346, 505, and 1146 of the Bankruptcy Code;

(h)     To hear any other matter not inconsistent with the Bankruptcy Code;

(i)     To enter a final decree closing the Chapter 11 Cases;

RLF1 20243378v.5

(j)     To ensure that Distributions to Holders of Allowed Claims are accomplished under the provisions of the Combined Plan and Disclosure Statement, the Liquidating Trust Agreement and the Rockport Canada Plan Administrator Agreement;

(k)     To decide or resolve any motions, adversary proceedings, contested or litigated matters arising out of, under, or related to, the Chapter 11 Cases, including those brought by the Liquidating Trustee on behalf of the Liquidating Trust or the Rockport Canada Plan Administrator on behalf of Rockport Canada;

(l)     To issue injunctions, enter and implement other Orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person or Entity with the occurrence of the Effective Date or enforcement of the Combined Plan and Disclosure Statement, the Liquidating Trust Agreement and the Rockport Canada Plan Administrator Agreement;

(m)     To approve, as may be necessary or appropriate, any Claims settlement entered into or offset exercised by the Liquidating Trust or the Rockport Canada Plan Administrator;

(n)     To resolve any dispute or matter arising under or in connection with the Liquidating Trust or the Rockport Canada Plan Administrator Agreement, including any request for an extension of the term of the Liquidating Trust;

(o)     To determine any other matters that may arise in connection with or related to the Combined Plan and Disclosure Statement, the Plan Confirmation Order, the Liquidating Trust Agreement, the Rockport Canada Plan Administrator Agreement, or any contract, instrument, release, indenture or other agreement or document created or implemented

in connection with the Combined Plan and Disclosure Statement, the Liquidating Trust Agreement or the Rockport Canada Plan Administrator Agreement;

(p)    To enforce, interpret, and determine any disputes arising in connection with any stipulations, orders, judgments, injunctions, exculpations, and rulings entered in connection with the Chapter 11 Cases (whether or not the Chapter 11 Cases have been closed);

(q)    To resolve disputes concerning any reserves with respect to Disputed Claims or the administration thereof;

(r)    To hear, decide and resolve any motions, adversary proceedings, contested or litigated matters involving or related to Causes of Action; and

(s)    To resolve any other matter or for any purpose specified in the Combined Plan and Disclosure Statement, the Plan Confirmation Order, the Liquidating Trust Agreement, the Rockport Canada Plan Administrator Agreement or any other document entered into in connection with any of the foregoing.

24.    <u>Dissolution of the U.S. Debtors</u>.  Immediately following the Distribution of all of the Debtors' and their Estates' property under the terms of this Combined Plan and Disclosure Statement, on the Effective Date, the Debtors' members, directors, managers, and officers and any remaining employees shall be deemed to have resigned, and, as to all U.S. Debtors other than Rockport, the entity dissolved for all purposes and of no further legal existence under any applicable state or federal law, without the need to take any further action or file any plan of dissolution, notice, or application with the Secretary of State of the State of Delaware or any other state or government authority, and, as to Rockport, upon termination of the Liquidating Trustee or the wind down of the Liquidating Trust, Rockport shall be deemed

dissolved for all purposes and of no further legal existence under any applicable state or federal law, without the need to take any further action or file any plan of dissolution, notice, or application with the Secretary of State of the Delaware or any other authority.

25. <u>Closure of the Certain Chapter 11 Cases</u>. As soon as practicable after the Effective Date, the Liquidating Trustee is authorized to submit an order to the Court under certification of counsel that is in form and substance acceptable to the U.S. Trustee that closes and issues a final decree for each of the Chapter 11 Cases of the U.S. Debtors except for the Chapter 11 Case of Rockport. For the avoidance of doubt, the Chapter 11 Cases of Rockport and Rockport Canada shall remain open following the Effective Date until such time as the Liquidating Trustee or the Rockport Canada Plan Administrator, respectively, seek to close such cases pursuant to proper notice and a motion.

26. <u>Exemption from Transfer Taxes and Recording Fees</u>. Pursuant to Section 1146(a) of the Bankruptcy Code, any issuance, transfer or exchange of a security, or the making or deliver of an instrument of transfer in connection with the Combined Plan and Disclosure Statement shall not be taxed under any law imposing a stamp tax or similar tax. This Confirmation Order hereby directs the appropriate federal, state or local governmental officials or agents to forego the collection of any stamp or similar tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any stamp or similar tax or governmental assessment.

27. <u>Local Texas Tax Authorities</u>. Notwithstanding anything to the contrary herein or in the Plan, Dallas County, Harris County and Montgomery County (collectively, the "**Local Texas Tax Authorities**") shall maintain a lien on that certain escrow of $7,500 established pursuant to the Sale Order as adequate protection of the asserted secured claims of

24

the Local Texas Taxing Authorities until such time as (i) the Local Texas Tax Authorities'
claims are paid in full; (ii) the Local Texas Tax Authorities and the Debtors and/or Liquidating
Trustee reach an agreement with regards to such claims, which provides for a release of such
liens; or (iii) the Court orders otherwise following notice to the Local Texas Tax Authorities and
a hearing.  Furthermore, the claims and liens of the Local Texas Tax Authorities shall remain
subject to any objections any party would otherwise be entitled to raise as to the priority, validity
or extent of such liens.

28.     Attune Consulting USA Inc.   Notwithstanding anything to the contrary
herein or in the Plan, to the extent Attune Consulting USA Inc. ("**Attune**") is determined to be
liable to Rockport, or any successors in interest, in connection with the Attune Litigation Claims,
the rights of Attune to any setoff and/or recoupment are specifically preserved.

29.     Modifications.    The modifications to the Proposed Plan following
solicitation of votes thereon satisfy the requirements of Section 1127 of the Bankruptcy Code
and Bankruptcy Rule 3019 and do not adversely affect the treatment of any Claims, and,
accordingly, neither require additional disclosure under Section 1125 of the Bankruptcy Code
nor re-solicitation of votes on the Plan under Section 1126 of the Bankruptcy Code, nor do they
require that Holders of Claims be afforded an opportunity to change previously cast acceptances
or rejections of the Proposed Plan.  The Combined Plan and Disclosure Statement may be
amended, modified, or supplemented by the Debtors in the manner provided for by Section 1127
of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant
to Section 1125 of the Bankruptcy Code, the Combined Plan and Disclosure Statement, and this
Confirmation Order.  In addition, after the Confirmation Date, the Debtors, the Liquidating
Trustee or the Rockport Canada Plan Administrator, as applicable, may institute proceedings in

the Court to remedy any defect or omission or reconcile any inconsistencies in the Combined Plan and Disclosure Statement or this Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Combined Plan and Disclosure Statement.  Further, prior to the Effective Date, the Debtors, the Liquidating Trustee or the Rockport Canada Plan Administrator, as applicable, may make appropriate technical adjustments and non-material changes to the Combined Plan and Disclosure Statement without further order or approval of the Court.

30. <u>Provisions of Combined Disclosure Statement and Plan and Confirmation Order Non-severable and Mutually Dependent</u>.  The provisions of the Combined Plan and Disclosure Statement and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

31. <u>Governing Law</u>.  Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under the Combined Plan and Disclosure Statement shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, without giving effect to the principles of conflict of laws thereof.

32. <u>Applicable Non-bankruptcy Law</u>.  Pursuant to Sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Combined Plan and Disclosure Statement and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

33. <u>Documents and Instruments</u>.  Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Combined Plan and Disclosure Statement and this Confirmation Order.

34.      <u>Governmental Approvals Not Required</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Combined Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Combined Plan and Disclosure Statement.

35.      <u>Notice of Entry of Confirmation Order and Effective Date</u>.  The form of notice of Effective Date and entry of this Confirmation Order, attached hereto as <u>Exhibit B</u> (the "**Effective Date Notice**"), provides adequate and reasonable notice and is hereby approved.  On or within two (2) Business Days of the Effective Date, the Debtors shall file and serve the Effective Date Notice on the following parties: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these Chapter 11 Cases, (ii) state, provincial and local taxing authorities in which the Debtors did business, (iii) the Internal Revenue Service, (iv) the Securities and Exchange Commission, (v) the United States Attorney for the District of Delaware, (vi) Holders of Claims or Interests, (vii) all counterparties to executory contracts and unexpired leases with the Debtors, (viii) the United States Trustee and (ix) all persons or entities listed on the Debtors' creditor mailing matrix.

36.      <u>Waiver of Stay</u>.  The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h), and 6006(d)), whether for fourteen (14) days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

RLF1 20243378v.5

37. <u>Inconsistency</u>.    To the extent of any inconsistency between this Confirmation Order and the Combined Plan and Disclosure Statement, this Confirmation Order shall govern.

38. <u>No Waiver</u>.  The failure to specifically include any particular provision of the Combined Plan and Disclosure Statement in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by reference.

**Dated: December 19th, 2018**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

28